Pheres **EDWARDS** an infant, by Chreasie Mae Washington, her Guardian ad Litem, Plaintiff,

v.

**ATLANTA AND WEST POINT RAILROAD COMPANY,** Defendant.

No. 61–C–194.

United States District Court
E. D. New York.

June 29, 1961.

On Reargument Sept. 27, 1961.

---

Ralph Yachnin, Corona, N. Y., for plaintiff.

No appearance filed for defendant.

MISHLER, District Judge.

Motion by the defendant to dismiss the complaint and quash the service of the summons, pursuant to Rule 12(b) (1), (2), (3), (5), 28 U.S.C.A. Specifically, defendant claims that the defendant does not do business within the jurisdiction of this Court and is not subject to the process of this Court; that John J. Lorden, served with process as the Managing Agent of the defendant corporation, is not such Managing Agent; that the retention of jurisdiction would be a violation of the defendant's constitutional rights under Article I, Section 8, Clause 3, because it will impose an unreasonable and unnecessary burden upon and an obstruction to interstate commerce; that the personal injuries claimed by the plaintiff occurred in the State of Georgia, and that the employees and witnesses of the defendant are residents of the State of Georgia, and that this Court is a forum non conveniens.

It appears that the infant plaintiff is a citizen of the State of New York. It further appears that two eye witnesses to the occurrence made the basis of the claim are residents of the State of New York, and it is indicated that the plaintiff may be required to call two doctors residing and practicing in the City of New York. I find that, in weighing the inconveniences to litigants and witnesses and the expense involved to each side, the District Court of the State of Georgia would be equally inconvenient to the plaintiff.

The only substantial issue posed by this application is whether service of process upon John J. Lorden constituted service of process upon the defendant. Mr. Lorden is employed by the defendant as Eastern Sales Manager and his duties are to solicit freight for the defendant. (Affidavit of J. C. Nixon) An exhibit submitted by the plaintiff in her opposing affidavit, published by the

defendant, describes Mr. Lorden as "General Eastern Agent". The office at 342 Madison Avenue designates two other persons as Commercial Agents for the defendant corporation. The listing in "The Official Guide of Railways" lists the address at 342 Madison Avenue as the New York office of the defendant corporation; the defendant does not deny the plaintiff's statement that this office has been maintained by the defendant for over 20 years.

■ The corporation was here for the purpose of soliciting business. To be here for jurisdictional purposes or to subject the corporation to service of process of the Court, it is not necessary that the corporation perform every phase of its corporate activity within the jurisdiction. The entire corporate body was not here, but its hand extended into the jurisdiction of this Court to receive business. It can not close its fist to reject process.

■ The affidavits of the defendant are replete with statements showing the limitation of Mr. Lorden's authority. His position was one of authority in relation to the business which the defendant did in this State. The employee that is here in charge of the business conducted here by the corporation is the Managing Agent, and the service of process on John J. Lorden constituted service upon the corporation.

The view of the Courts in determining whether a foreign corporation is doing business within the State for the purpose of service of process is stated in Moore's Federal Practice, 2d Edition, Volume 2, at page 970, as follows:

"The Federal Courts have approached this question empirically. The facts of the case and an awareness of the realities of modern business have increasingly become deciding factors. In the great majority of cases no question arises whether foreign corporation or other business entity is doing business in the State. In close cases the Federal Courts have scrutinized the facts carefully and have made their decisions under the guidance of the broad, flexible question-begging generality that the business must be of such a nature and character as to warrant the inference that the corporation or other business entity has subjected itself to the local jurisdiction and is by its duly authorized officers or agents present within the state in which service is attempted."

See footnote #4 and authority and discussion thereunder.

Motion denied. Settle order on two days notice.

On Reargument.

The Court rendered an opinion on June 29, 1961, filed June 30, 1961, denying defendant's application to dismiss the complaint and quash the service of process on the ground that the defendant was not within the jurisdiction of this Court and, further, that John J. Lorden was not such a "managing agent" upon whom process of this Court could be served.

The Court directed a hearing on the issues and John J. Lorden testified concerning the same.

The defendant is a railroad company, operating a railroad wholly within the State of Georgia. For more than 20 years, it has maintained an office in New York City; first, at 342 Madison Avenue, and now at 220 East 42nd Street. An advertising circular of the defendant listed the New York office as follows:

"New York 17, N. Y.—342 Madison Ave. Room 826
"Phone Murray Hill 2-5123
"John J. Lorden, General Eastern Agent
"C. Dan Thompson, Commercial Agent
"Wm. H. Kettner, Commercial Agent"

At the present time, in addition to those listed, a fourth employee works at the New York office at the present location, 220 East 42nd Street.

The office is engaged solely in soliciting freight business for the defendant rail-

road company. The volume produced for the defendant by the New York office is approximately 7,000 freight cars per year, and the income to the railroad on each freight car so produced is from $50 to $75. The area serviced by this office is from Maine to Washington, D. C., along the eastern seaboard and as far west as central Pennsylvania.

In its original opinion, dated June 29, 1961, the Court said:

"The corporation was here for the purpose of soliciting business."

The defendant argues that if the Court finds the sole function performed by the defendant corporation, within the limits of the jurisdiction of this Court, was the solicitation of business, then the complaint must be dismissed.

The landmark case for the proposition strenuously argued by the defendant is Green v. Chicago, Burlington & Quincy Rwy. Company (1907), 205 U.S. 530, 27 S.Ct. 595, 596, 51 L.Ed. 916. There, too, the defendant railroad established an office for the solicitation of freight and passenger traffic. The opinion describes the activities of the railroad as follows:

"For the purpose of conducting this incidental business the defendant employed Mr. Heller, hired an office for him in Philadelphia, designated him as district freight and passenger agent, and in many ways advertised to the public these facts. The business of the agent was to solicit and procure passengers and freight to be transported over the defendant's line. For conducting this business several clerks and various traveling passenger and freight agents were employed, who reported to the agent and acted under his direction. He sold no tickets and received no payments for transportation of freight. When a prospective passenger desired a ticket, and applied to the agent for one, the agent took the applicant's money and procured from one of the railroads running west from Philadelphia a ticket for Chicago and a pre-paid order, which gave to the applicant, upon his arrival at Chicago, the right to receive from the Chicago, Burlington and Quincy Railroad a ticket over that road. Occasionally he sold to railroad employees, who already had tickets over intermediate lines, orders for reduced rates over the defendant's lines. In some cases, for the convenience of shippers who had received bills of lading from the initial line for goods routed over the defendant's lines, he gave in exchange therefor bills of lading over the defendant's line. In these bills of lading it was recited that they should not be in force until the freight had been actually received by the defendant."

Recently, in Kelly v. Three Bays Corporation, Ltd., D.C.S.D.N.Y.1959, 173 F. Supp. 835, the Court found that solicitation alone does not bring a corporation within the jurisdiction of a district court; citing Green v. Chicago, Burlington & Quincy Railroad Company, supra, the Court noted:

"Defendant had no bank account. Checks are sent either directly to the defendant's main office in Miami or forwarded there by Dichman when received in New York."

To the same effect, see Philadelphia & Reading Railway Company v. McKibbin, 243 U. S. 264, 267, 37 S.Ct. 280, 61 L.Ed. 710.

In International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 579, at pages 585, 587, 34 S.Ct. 944, at page 946, 58 L.Ed. 1479, the Court said:

"In order to hold it responsible under the process of the state court it must appear that it was carrying on business within the State at the time of the attempted service. * * It is argued that this conclusion is in direct conflict with the case of Green v. Chicago, Burlington & Quincy Ry., 205 U.S. 530 [51 L.Ed. 916, 27 Sup.Ct.Rep. 595]. *We have no desire to depart from that deci-*

**690**

*sion which, however, was an extreme case.* \* \* \* [Italics supplied.] In the case now under consideration there was something more than mere solicitation. In response to the orders received, there was a continuous course of shipment of machines into Kentucky. There was authority to receive payment in money, check or draft, and to take notes payable at banks in Kentucky."

■ A corporation may be sued only where it is present. No reason exists for denying its presence because its activity is solely the solicitation of business. The form, method and extent of the solicitation might well establish the corporate existence within the Court's jurisdiction. In Jaftex Corp. v. Randolph Mills, Inc., 2 Cir., 1960, 282 F.2d 508, 510, the Court said:

" \* \* \* it seems to be agreed that solicitation of business alone is not enough to constitute presence in the State. Miller v. Surf Properties, 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874; MacInnes v. Fontainebleau Hotel Corp., 2 Cir., 257 F.2d 832. Yet comparatively little more is required where the business is substantial and continuous."

Surely here there is the "little more"; the continuity of the activity for more than 20 years, the establishment of an office, and the holding out by the defendant that John J. Lorden is its general eastern agent, establishes its existence. If it is here, the Court will not deny its existence because its sole authority is solicitation.

In Hutchinson v. Chase & Gilbert, 2 Cir., 1930, 45 F.2d 139, 141, Judge Learned Hand, writing for the Court, discussed at length the concept of the presence of a corporate entity in this language:

" \* \* \* If we are to attribute locality to it at all, it must be equally present wherever any part of its work goes on, as much in the little as in the great. \* \* \*

"Possibly the maintenance of a regular agency for the solicitation of business will serve without more. The answer made in Green v. C., B. & Q. R.R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, and People's Tob. Co. v. Amer. Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann. Cas.1918C, 537, perhaps becomes somewhat doubtful in the light of International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, and, if it still remains true, it readily yields to slight additions. In Tauza v. Susquehanna Coal Co., supra [220 N.Y. 259, 115 N.E. 915], there was no more, but the business was continuous and substantial. \* \* \* "

■ The Court finds that though solicitation was the sole business activity carried on by the defendant corporation within the jurisdiction of this Court, it was carried on extensively, consistently and over a period of many years. The Court further finds that the defendant corporation held its New York office out to the public as a part of its corporate structure. The corporation was present within the jurisdiction and subject to the Court's process.

For the reasons previously stated, John J. Lorden who is in charge of the New York office was its managing agent for the service of process.

The motion to reargue is granted and upon such reargument the Court adheres to its original decision.

The Court feels that this decision involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Settle order on two days notice. The order shall incorporate the decision of June 29th, and provide for certification pursuant to 28 U.S.C. § 1292(b).