**LIPPMANN, INC., a corporation,
Plaintiff,**

v.

**HEWITT–ROBINS INCORPORATED,
a corporation, Defendant.**

**No. 72–C–84.**

United States District Court,
E. D. Wisconsin.

May 3, 1972.

Hanley, Wedemeyer & Cavanaugh by Robert F. Cavanaugh, David F. Kopplin, Thomas P. Doherty and John M. Hanley, Milwaukee, Wis., for plaintiff.

Davis, Kuelthau, Vergeront, Stover & Leichtfuss by Thomas G. Boyer, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a number of motions which will be considered in this memorandum. There are motions for dismissal, the quashing of the service of the summons, and, alternatively, to strike certain paragraphs and for a more definite statement as to certain paragraphs. Briefs on these questions for both parties are now before the court. The complaint was filed in early February, 1972; after the defendant's motions were submitted, the plaintiff filed an amended complaint.

The amended complaint is divided into 34 paragraphs, specifying seven causes of action. The first demands damages for the defendant's alleged failure to surrender possession of certain realty to the plaintiff. The second claim asks damages for the plaintiff's receipt of defective material ordered from the defendant, allegedly in violation of an express warranty. The third cause of action avers that the defendant made tardy delivery of certain equipment and components four to eight weeks after the promised delivery dates, thus causing the plaintiff to incur personal property tax on the equipment.

The fourth claim charges

"18. That by reason of delayed deliveries, the floor space of plaintiff's plant being occupied by defendant's functionally deficient machinery, plaintiff suffered loss of other productivity and tie up of personnel."

The fifth cause of action is reflected in the following paragraph:

"21. That by reason of defective merchandise, poor quality, missing parts and late deliveries, salesmen and sales executives were required to spend a total of sixty days on defendant's customer warranty problems, creating customer holdbacks from plaintiff and chargebacks and excessive service demands."

In the sixth claim, the plaintiff pleads that the defendant's employees "diverted orders being placed by customers with the plaintiff to itself, other distributors, and other manufacturers."

The seventh cause of action sets forth various statements and conduct by the defendant's personnel which were allegedly designed to "put the plaintiff out of business." Thus, for example, it is charged that the defendant's representatives accused the plaintiff of not paying its bills and of "stealing jaw dies."

In my opinion, the plaintiff had a right to file the amended complaint under Rule 15(a), Federal Rules of Civil Procedure, which provides in part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served."

The term "responsive pleading" must be construed as one described by Rule 7(a), Federal Rules of Civil Procedure; it does not include a motion to dismiss the complaint for failure to state a cause of action. Fuhrer v. Fuhrer, 292 F.2d 140 (7th Cir. 1961); 3 Moore's Federal Practice ¶ 15.07(2) (1968). Therefore, the defendant's motions will be reviewed in the context of the amended complaint.

## MOTION TO DISMISS

This motion is based on the defendant's contention that the named defendant is not the proper party in interest. In its brief, however, the defendant indicates a willingness to allow the correct or formal name of the defendant to be substituted. The corporate mergers which provoked this condition surely should not result in a dismissal. The motions to dismiss will not be granted, but the plaintiff may submit an order providing for a substitution of the correct name of the proper party defendant, presumably Litton Systems, Inc.

## MOTION TO QUASH SERVICE

The summons was served on Arthur E. Wegner as "Arthur Wagner (V.P.)" The report of the marshal asserts that Mr. Wegner at the time of service held the title of "marketing manager."

 The defendant urges that Mr. Wegner was not "an officer, managing or general agent" and also was not "authorized by appointment or by law to receive service of process." Based on an affidavit of a Mr. Houston, the defendant maintains that the service must be quashed for failure to comply with Rule 4(d), Federal Rules of Civil Procedure, or Section 262.06(5), Wis.Stats. It is my opinion that Mr. Wegner's capacity with the defendant is sufficient to qualify him as a proper agent to receive process. Whether Mr. Wegner was the "marketing manager", as the deputy U. S. marshal asserted, or the "marketing manager of conveyor and process equipment", as Mr. Houston's affidavit describes him, it is my belief that his position was one of sufficient responsibility to permit effective service upon him. Edwards v. Atlanta and West Point R. Co., 197 F.Supp. 686 (E.D.N.Y.1961); Remington Rand, Inc. v. Knapp-Monarch Co., 139 F.Supp. 613 (E.D.Pa.1956).

## MOTIONS TO STRIKE

The defendant contends that the second, third, fourth and fifth causes of action of the complaint are "redundant, immaterial, impertinent and scandalous." The defendant argues that the plaintiff "is utilizing a legal form to publicly discredit" the defendant and its products.

The challenged paragraphs are indeed critical of the defendant's conduct, but it does not follow that they are subject to a motion to strike under Rule 12(f), Federal Rules of Civil Procedure. In my opinion, the challenged sections of the amended complaint are relevant descriptions of the acts or events which compose the plaintiff's theory of action.

Miller v. Steinbach, 43 F.R.D. 275, 278 (S.D.N.Y.1967); but cf. Martin v. Hunt, 28 F.R.D. 35 (D.Mass.1961).

The defendant also contends that the complaint's first cause of action fails to state a claim upon which relief can be granted, and I find no merit in that contention.

## MOTION TO MAKE MORE DEFINITE AND CERTAIN

 The defendant seeks an order directing the plaintiff to make a more definite statement as to the sixth cause of action. My examination of the amended complaint leads me to the conclusion that this motion should not be granted.

Now, therefore, it is ordered that the defendant's motions be and hereby are denied.