_____

No. 95-2923
_____

Patsy L. Conner,                       *
                                       *
        Plaintiff - Appellant,         *
                                       *  Appeal from the United States
    v.                                 *  District Court for the
                                       *  Western District of Missouri.
Reckitt & Colman, Inc.,                *
                                       *
        Defendant - Appellee.          *


_____

                    Submitted:  January 12, 1996

                      Filed:  June 4, 1996
                          _____

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON, and BOWMAN, Circuit
      Judges.

                          _____

JOHN R. GIBSON, Circuit Judge.


     Patsy L. Conner appeals from an order of the district court[1] granting
her former employer's motion for summary judgment in her suit alleging she
was fired because of her disability and because she filed a workers'
compensation claim.  Conner argues that the statute of limitations did not
bar her disability claim and that summary judgment was inappropriate
because she had not completed discovery.  We affirm.


     Conner worked for Reckitt & Colman, Inc. on its second shift at its
Springfield, Missouri distribution center when she was fired on September
28, 1992.  At the time she was fired, Conner was

_____

     [1]The Honorable Russell G. Clark, Senior Judge, United States
District Court for the Western District of Missouri.

receiving medical treatment for her left knee, which she injured while working at Reckitt & Colman. Eight months after she was fired, Conner asked Reckitt & Colman to make reasonable accommodations for her disability so she could return to work. Reckitt & Colman never responded to this request.

Reckitt & Colman stated that it fired Conner because she worked on its second shift, and it sold all of its second shift business. Once that business was sold, Reckitt & Colman no longer needed its second shift workers. Reckitt & Colman stated that Conner was one of twelve workers it fired, and that it has not replaced Conner.

On September 2, 1993, Conner filed a charge with the Missouri Commission on Human Rights, claiming that Reckitt & Colman discriminated against her based on her disability. Once the commission gave Conner a "Right-to-Sue" letter, she filed suit in federal district court. Conner claimed that Reckitt & Colman had violated the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112 (1994), and Missouri law, Mo. Rev. Stat. § 213.055.1(1)(a) (1994), by firing her because of her injury and by failing to respond to her later request that it make reasonable accommodations for her disability so she could return to work. Conner also claimed that Reckitt & Colman violated section 287.780 of the Missouri statutes by firing her in retaliation for filing a workers' compensation claim because of her injured knee.

In response to Reckitt & Colman's motion for summary judgment, Conner argued that the statute of limitations did not bar her claims. In addition Conner stated that Reckitt & Colman had not completely answered her interrogatories and requests for documents and that she did not have an opportunity to schedule depositions. Despite her objections, Conner refused to schedule depositions, and failed to file a motion to compel Reckitt & Colman to more fully answer her interrogatories and requests for documents.

On June 22, 1995, the district court granted Reckitt & Colman's motion for summary judgment, holding that the statute of limitations for Conner's claims of disability discrimination was 300 days and that she filed her charge more than 300 days after Reckitt & Colman fired her. The district court also held that Conner had not produced any evidence to support her claim that Reckitt & Colman fired her in retaliation for filing her workers' compensation claim. Conner appeals.[2]

## I.

Conner argues that she filed her disability discrimination claim in time because she filed it within 300 days of Reckitt & Colman's failure to respond to her May 26, 1993 request for reasonable accommodations. Conner does not dispute that the statute of limitations bars her claim if the only act of discrimination is her firing. Conner argues, however, that Reckitt & Colman discriminated against her twice, first by firing her on September 28, 1992 because of her knee injury, and second by refusing to accommodate her disability by not responding to her May 26, 1993 request. Conner also asserts that these two acts constitute a continuing violation of the ADA.

We review the district court's grant of summary judgment de novo. McKee v. Federal Kemper Life Assurance Co., 927 F.2d 326, 328 (8th Cir. 1991). Summary judgment is appropriate if there are no disputed issues of material fact and Reckitt & Colman is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The statute of limitations for a disability discrimination claim under the ADA, 42 U.S.C. § 12117 (1994) (incorporating 42

---

[2]Conner does not appeal from the district court's grant of summary judgment in favor of Reckitt & Colman on her Missouri disability discrimination claim. The district court's decision on that claim is thus final.

U.S.C. § 2000e-5), is 300 days.  The statute of limitations begins to run at the time of the discriminatory act, and not when the consequences of the act become most painful.  <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 258 (1980).

<u>Ricks</u> requires us to reject Conner's argument that Reckitt & Colman committed unlawful discrimination by not responding to her request for reasonable accommodations.  Assuming Reckitt & Colman fired Conner because of her disability, the firing constitutes the discriminatory act.  Reckitt & Colman's failure to consider her later request for accommodation was merely a consequence of its discriminatory act.

We also reject Conner's argument that Reckitt & Colman's firing of Conner and its later failure to answer her letter constitute a continuing violation that tolls the statute of limitations.  The firing of an employee cannot be a continuing violation, <u>Rudolph v. Wagner Elec. Corp.</u>, 586 F.2d 90, 92 (8th Cir. 1978), <u>cert. denied</u>, 441 U.S. 924 (1979), even when the effects of the firing are felt later, <u>see</u> <u>Ashley v. Boyle's Famous Corned Beef Co.</u>, 66 F.3d 164, 167 (8th Cir. 1995) (en banc).  Conner's employment relationship with Reckitt & Colman ended when she was fired.  Reckitt & Colman cannot continue to discriminate against Conner when it no longer employs her.  Additionally, allowing Conner to restart the statute of limitations by sending a letter requesting reasonable accommodations after she has been unequivocally fired would destroy the statute of limitations.  There is no continuing violation that tolls the statute of limitations in this case, and the district court properly granted Reckitt & Colman's motion for summary judgment on Conner's disability discrimination claim.

**II.**

Conner argues that the district court improperly granted

summary judgment in favor of Reckitt & Colman on her claim that Reckitt & Colman fired her in retaliation for filing a workers' compensation claim. See Hansome v. Northwestern Cooperage Co., 679 S.W.2d 273, 275 (Mo. 1984). Reckitt & Colman stated that it fired Conner because it sold the part of its business involving the work that Conner used to do. Conner admits in her brief that she has no evidence to refute Reckitt & Colman's explanation for her firing. Because Conner has produced no facts establishing an essential element of her claim on which she has the burden of proof, Reckitt & Colman is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-25 (1986).

**III.**

Conner argues that summary judgment was inappropriate because she did not have an adequate opportunity to conduct discovery before the district court granted Reckitt & Colman's motion for summary judgment.

The party defending a motion for summary judgment may request that the district court postpone ruling on the motion until it can conduct further discovery. Fed. R. Civ. P. 56(f); Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). We review the district court's refusal to allow further discovery before ruling on the motion for summary judgment for abuse of discretion. See Id. at 1081.

Reckitt & Colman objected to some of Conner's interrogatories and requests for documents. Conner informed the district court of Reckitt & Colman's objections to her discovery, but never filed a motion to compel Reckitt & Colman to fully comply with her discovery requests. She also advised the district court that she would not conduct any further discovery until Reckitt & Colman fully complied with her discovery requests. Given Conner's failure to file a motion to compel and her refusal to conduct further

discovery until Reckitt & Colman fully complied with her discovery requests, the district court did not abuse its discretion in refusing to postpone its ruling on Reckitt & Colman's motion for summary judgment.[3]

We affirm the district court's grant of summary judgment in favor of Reckitt & Colman.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Conner also argues that she recently discovered another violation of the ADA committed by Reckitt & Colman and points particularly to an interrogatory answer in which Reckitt & Colman stated it issued an Equal Employment Opportunity and Sex Harassment policy statement on April 1, 1994. Conner asserts that there is no indication in Reckitt & Colman's answer that Reckitt & Colman ever posted a notice regarding the ADA before the date in its answer. Conner contends that she would need to amend her complaint to include a claim for failure to post such notices.

The record does not reflect that Conner filed a motion to amend her complaint. She simply stated, in language much as we have set forth above, that she would need to amend her complaint. This is not a sufficient request for relief on which to base a claim that the district court erred, nor do we read Conner's brief to specifically so argue.