PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HENRY K. MARTIN,
<u>Plaintiff-Appellant,</u>

v.

No. 96-1243

SOUTHWESTERN VIRGINIA GAS
COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
James C. Turk, District Judge.
(CA-95-12-D)

Argued: October 2, 1997

Decided: January 30, 1998

Before MICHAEL, Circuit Judge, BUTZNER,
Senior Circuit Judge, and MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

_____

Affirmed by published opinion. Senior Judge Magill wrote the opinion, in which Judge Michael and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** Garrett Minor Smith, MICHIE, HAMLETT, LOWRY,
RASMUSSEN & TWEEL, P.C., Charlottesville, Virginia, for Appellant. Paul Douglas Henson, II, THE CENTER FOR EMPLOYMENT

LAW, P.C., Roanoke, Virginia, for Appellee. **ON BRIEF:** Peter McIntosh, MICHIE, HAMLETT, LOWRY, RASMUSSEN & TWEEL, P.C., Charlottesville, Virginia, for Appellant.

_____

**OPINION**

MAGILL, Senior Circuit Judge:

Henry Martin, a former employee of Southwestern Virginia Gas Company (Southwestern), appeals the district court's grant of summary judgment in favor of Southwestern on Martin's claim of discriminatory treatment under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. Because we find that Martin fails to state a claim upon which relief can be granted, we affirm.

I.

The facts are largely undisputed. Southwestern employed Martin as a service technician between November 1965 and September 1992. For a few months during the mid-1970s, Martin performed sales work for Southwestern. In September 1990 Martin was employed as a Serviceman II and his essential job functions required "heavy lifting, bending, overhead work, kneeling, crawling, stooping, lying down, squatting, twisting and climbing on a regular and consistent basis." Appellant's Br. at 3.

On September 6, 1990, Martin was injured in a motor vehicle accident while he was performing his job as a Serviceman II. Martin's injuries rendered him unable to perform the essential functions of a Serviceman II and he took unpaid leave of absence through January 1991. In January 1991 Martin returned to Southwestern and was assigned to light-duty work. These light-duty assignments were temporary and were solely designed to allow Martin to regain the ability to perform the essential functions of a Serviceman II. Martin failed to recover and remained unable to resume his former duties.

In November 1991 Southwestern terminated Martin's light-duty status and placed him on unpaid leave of absence through June 1992.

2

On the critical date of June 30, 1992, Southwestern sent Martin a letter notifying him that his employment would terminate ninety days after July 1, 1992, i.e., on September 29, 1992. On September 27, 1992, Martin wrote Southwestern and requested "reasonable accommodation" for his disability in accordance with the ADA. Southwestern did not respond to Martin's request and terminated Martin's employment on September 29, 1992.

On December 30, 1992, Martin filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that Southwestern had refused to reasonably accommodate him and had terminated him because of his disability, in violation of the ADA. The EEOC's investigation concluded that the evidence did not support a finding that Southwestern violated the ADA. After receiving his right-to-sue letter, Martin commenced the present lawsuit.

Martin concedes that he presently is unable to perform the Serviceman II position. However, he argues that sales positions became available at Southwestern between November 1991 and September 1992, and that he was qualified to fill such positions. Martin also argues that to reasonably accommodate his disability, Southwestern was obligated to reassign him to one of the available sales positions. Southwestern denies that any sales positions became available between November 1991 and September 1992, and contends that the ADA does not require Southwestern to even consider reassigning Martin to a different position within the company.

The district court granted summary judgment to Southwestern, holding that Southwestern, as an employer, did not have the duty to consider reassigning Martin to a different position as a reasonable accommodation under the ADA because Martin was unable to perform the essential functions of the Serviceman II position. Martin appeals.

II.

We may affirm a district court's grant of summary judgment "on any legal ground supported in the record." Bowling v. Wellmore Coal Corp., 114 F.3d 458, 460 (4th Cir. 1997).

3

In the district court, Southwestern pleaded as an affirmative defense that Martin failed to state a claim upon which relief could be granted because Martin's cause of action accrued prior to the effective date of the ADA. J.A. at 19 (Southwestern's Ninth Defense). While the district court did not address this issue, we agree.**1**

The ADA provisions concerning employment discrimination became effective on July 26, 1992. See 42 U.S.C. § 12111 note--Effective Date; see also Graehling v. Village of Lombard, Ill., 58 F.3d 295, 296 (7th Cir. 1995); Burfield v. Brown, Moore & Flint, Inc., 51 F.3d 583, 588 (5th Cir. 1995) (per curiam). "The ADA is not retroactive and it does not apply to actions allegedly taken prior to the effective date of the Act." Burfield, 51 F.3d at 588. Accordingly, an employer may not be liable under the ADA for discriminatory conduct occurring before July 26, 1992. See Morrison v. Carleton Woolen Mills, Inc., 108 F.3d 429, 443 (1st Cir. 1997).

A disabled plaintiff's employment discrimination cause of action accrues on the date that the alleged unlawful employment practice occurs. See Graehling, 58 F.3d at 296; see also Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam) (§ 1983 action); Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (Title VII and § 1981 action); English v. Whitfield , 858 F.2d 957, 962 (4th Cir. 1988) (Employee Protection Section of the Energy Reorganization Act of 1974 action); Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982) (ADEA action). Martin's discrimination cause of action accrued on June 30, 1992, when Southwestern informed him that his discharge--though not to take effect until September 29, 1992 --was imminent. See Graehling, 58 F.3d at 297 ("a discharge with a deferred effective date entails only one discriminatory decision," which occurs when employee receives notice of the discharge); Burfield, 51 F.3d at 589 (statute of limitations begins to run when

_____

**1** This defense is preserved even though not ruled upon by the trial court. See Romstadt v. Allstate Ins. Co., 59 F.3d 608, 610-11 (6th Cir. 1995); see also Daingerfield Island Protective Soc'y v. Lugan, 797 F. Supp. 25, 29 (D.D.C. 1992) (if defense of failure to state a claim is raised in defendant's Answer, the defense is not subject to waiver and may be asserted in any subsequent motion for summary judgment) (citing Fed. R. Civ. P. 12(h)(2)), aff'd, 40 F.3d 442 (D.C. Cir. 1995).

4

employee receives unequivocal notice of termination); see also Chardon, 454 U.S. at 8 (statute of limitations starts on date employee receives notice of imminent discharge because "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful") (emphasis omitted); Ricks, 449 U.S. at 258 (unlawful employment practice occurs on the date that employee is given definite notice of the challenged employment decision, not the date that the effects of the notice are ultimately felt); English, 858 F.2d at 961 (proper focus "is on the time of the challenged conduct and its notification rather than the time its painful consequences are ultimately felt"). Accordingly, Martin's claim predates the ADA, and is thus not cognizable.

To avoid the above result, Martin contends that because the ADA requires an employer to accommodate a disabled employee, and because he requested reasonable accommodation on September 27, 1992--after the effective date of the ADA--then his ADA discrimination claim did not arise until Southwestern ignored his request for reasonable accommodation and implemented its previous decision to discharge Martin. We disagree.

Martin's argument is flawed because, as the Seventh Circuit recently explained, "numerous cases hold that a separation at a time established by an earlier decision is not a fresh act of discrimination. Only the original decision to let the employee go is subject to analysis under the anti-discrimination laws." Graehling, 58 F.3d at 296. "An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." Id. at 297 (quotations and citation omitted). Accordingly, Martin's argument, if accepted, "would as a practical matter eliminate the statute of limitations in ADA cases." Kennedy v. Chemical Waste Management, Inc., 79 F.3d 49, 51 (7th Cir. 1996); see also Conner v. Reckitt & Colman, Inc., 84 F.3d 1100, 1102 (8th Cir. 1996) (noting that allowing an ADA claimant"to restart the statute of limitations by sending a letter requesting reasonable accommodations after she has been unequivocally fired would destroy the statute of limitations"). Southwestern's refusal to consider Martin's request for reasonable accommodation was merely a consequence of Southwestern's previous unequivocal decision to discharge Martin and thus does not provide Martin with a separate cause of action

5

accruing after the effective date of the ADA. <u>See Conner</u>, 84 F.3d at 1102; <u>Graehling</u>, 58 F.3d at 297.

Because Martin's cause of action for disability discrimination accrued prior to the effective date of the ADA, Martin has failed to state a claim upon which relief can be granted. **2**

III.

For the foregoing reasons, we affirm the district court's grant of summary judgment to Southwestern.

<u>AFFIRMED</u>
_____

**2** The panel asked for and received supplemental briefs on this issue post-argument. Because we conclude that Martin's claim predates the ADA's effective date, we do not address the issues raised in Martin's appeal.