Molly CONWAY, Plaintiff,

v.

**STANDARD INSURANCE CO.;**
**et al., Defendants.**

No. CS–97–483–FVS.

United States District Court,
E.D. Washington.

Aug. 4, 1998.

Lonnie G. Davis, Seattle, WA, David M. Grant, Deglow & Grant Law Firm, Spokane, WA, for Molly Conway.

Stefan E. Biberfeld, Office of the Attorney General, Olympia, WA, Rene David Tomisser, Attorney General of Washington, Tort Claims Div., Olympia, WA, for State of Wash.

Katherine S. Ritchey, Pillsbury Madison & Sutro, San Francisco, CA, Laurie D. Kohli, George Hull Porter & Kohli, Seattle, WA, Shawn Hanson, Pillsbury Madison & Sutro, LLP, San Francisco, CA, for Standard Ins. Co.

## ORDER

VAN SICKLE, District Judge.

**BEFORE THE COURT** are defendants' motions to dismiss. Plaintiff is represented by Lonnie Davis and David M. Grant; defendant Standard Insurance company by Laurie Kohli, and defendant State of Washington by Assistant Attorney General Stefan Biberfeld. This Order will memorialize the Court's ruling.

This case has an abundance of issues, some of which are characterized by sharp splits of authority. This Order addresses only those which are dispositive, not subject to factual development, and on which the case law is reasonably uniform. Few Ninth Circuit cases are cited by either the parties or this Order because this Circuit has not had much to say on the key questions.

## Background

The facts are not disputed. Molly Conway was employed by the Washington State Department of Social and Health Services from October 15, 1983 until November 1, 1989. She suffered from depression and applied for coverage under a disability plan provided through her employer which was written and administered by Standard. The plan allows a maximum period of coverage of 24 months for mental/nervous disorders. Employees with physical disabilities, on the other hand, may generally continue receiving benefits so long as disabled until age 65. In January 1990, Standard commenced making payments to plaintiff. On August 7, 1990, Standard advised her that coverage would terminate effective January 1992. This action was filed on December 11, 1997 and claims against Standard and the State under the Americans with Disabilities Act [ADA], the Rehabilitation Act, 42 U.S.C. § 1983, and asserts several pendent causes of action under Washington law. Specifically, the following claims are made.

(1) ADA Title II claim against the State based on 42 U.S.C. § 12132.

(2) Rehabilitation Act claim against the State and Standard based on 29 U.S.C. § 794.

(3) ADA Title III claim against Standard based on 42 U.S.C. § 12182.

(4) Civil rights claim against the State and Standard based on 42 U.S.C. § 1983.

(5) Public accommodation claim against Standard based on the Washington Law Against Discrimination (LAD) codified at RCW ch. 49.60.

(6) Claim against Standard for discriminatory insurance writing in violation of RCW § 48.30.300.

Plaintiff initially asserted a ADA Title I claim alleging discrimination in the terms and conditions of employment in violation of 42 U.S.C. § 12112(a), but has abandoned it. This is likely in response to defense arguments that she failed to exhaust administrative remedies as required by Title I and is attempting to apply the ADA retroactively.

## Analysis

The causes of action will be assessed individually, at least those which remain, but there are some threshold issues applicable to more than one.

**■** *(A) Statute of limitations:* When a federal cause of action does not contain its own statute of limitations, courts borrow the most analogous state limitations period. *Wilson v. Garcia,* 471 U.S. 261, 266–68, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). In a civil rights case, that is the personal injury statute. *Id.* 471 U.S. at 275, 105 S.Ct. at 1946–47. See *Alexopulos v. San Francisco Unified School Dist.,* 817 F.2d 551, 554 (9th Cir.1987). In Washington, the period is three years. RCW § 4.16.080(2).

**■** ■ Plaintiff argues that both Standard and the State have engaged in a continuing course of conduct because the State upheld the plan as non-discriminatory in October 1995 and Standard upheld its decision in July 1996. Under proper facts, it is possible that a continuing violation may start the statute of limitations running anew with each new act. *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir.1993), *cert. denied,* 511 U.S. 1052, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994). This is not that kind of case. A "refusal to undo a discriminatory decision is not a fresh act of discrimination." *Martin v. Southwestern Virginia Gas Co.,* 135 F.3d 307, 310 (4th Cir.1998) (citation omitted). Plaintiff's injury was complete upon receipt of the termination letter. *Fobbs v. Holy Cross Health System Corp.,* 29 F.3d 1439, 1444 (9th Cir.1994), *cert. denied,* 513 U.S. 1127, 115 S.Ct. 936, 130 L.Ed.2d 881 (1995) (civil rights claim accrued when physician was notified of suspension, not when suspension became final); *see also, Alexopulos, supra,* 817 F.2d at 555 (cause of action accrues when plaintiff knows of or should know of injury). Plaintiff's claim accrued when she was notified she would be subjected to discriminatory action; not when the effects of that action were felt. "[T]he natural effects of the allegedly discriminatory act are not regarded as 'continuing.' " *Fobbs, supra,* 29 F.3d at 1446 (citation omitted).

The same argument plaintiff makes was rejected in *Lewis v. Aetna Life Ins. Co.,* 993 F.Supp. 382 (E.D.Va.1998). The plaintiff in *Lewis* argued that his claim might never have become ripe if he recovered from his mental disability prior to the end of the two

year period because he would not have sustained any loss. Thus, his cause of action should not accrue until he actually lost continuing benefits. *Lewis* rejected the contention, holding that the claim accrued when:

it became clearly and unequivocally obvious that he would be subjected to inferior coverage on the basis of his disability. This occurred when plaintiff learned in the Spring of 1996 that his disability had been classified as "mental" rather than "physical," and that he would receive inferior coverage on the basis of that classification.

*Id.* 993 F.Supp. at 386.

Plaintiff also contends the six year statute governing actions on a written instrument should apply. RCW § 4.16.040(1). The rationale is that this case involves a facially discriminatory clause thus distinguishing it from the run-of-the-mill civil rights case. One can hardly read Justice O'Connor's dissent in *Wilson, supra,* and not realize this theory is foreclosed. The majority made it clear that 42 U.S.C. § 1988 "is fairly construed as a directive to select, in each State, the *one* most appropriate statute of limitations for *all* § 1983 claims." 471 U.S. at 275, 105 S.Ct. at 1947 (emphasis added). That holding was reaffirmed in *Goodman v.. Lukens Steel Co.,* 482 U.S. 656, 661–62, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987) when the Court rejected a contention that the six-year statute should govern because § 1981 claims tend to sound in contract. Assuming there might be some reason why civil rights claims other than those grounded in §§ 1981 and 1983 should be treated differently, plaintiff's argument will nonetheless be addressed.

The six year statute would normally apply when a plan denies disability benefits. *Poole v. Seattle–First Nat. Bank,* 741 F.Supp. 837, 843 (E.D.Wash.1990). The date of accrual is the day the plan refuses to pay. *Id.* In this case, that date would be August 7, 1990. This remarkable conundrum means that with respect to the ADA claims, the statute would be running before the cause of action existed. That is not true of the Rehabilitation Act, § 1983 and LAD claims. All were in existence on August 7, 1990, and even under plaintiff's theory, time ran on August 7, 1996 before this action was commenced.

In sum, the three year statute applies to all claims, but even if the six-year statute were applied, only the ADA claims would arguably survive assuming, as does plaintiff, that they accrued on the effective date of the Act.[1] As will be addressed below, however, the ADA claims do not survive for another reason.

■ *(B) Retroactivity:* The ADA is not retroactive. *Martin, supra,* 135 F.3d at 309. Title I of the ADA became effective July 26, 1992. *Id.* Titles II and III became effective January 26, 1992, less than a week before plaintiff's coverage was terminated. Plaintiff urges the wrongful act at issue is the failure. to pay her in February 1992 and thereafter, and thus she was wronged after Titles II and III became effective. This is not the case. As indicated above, plaintiff's injury occurred on August 7, 1990. Terminating benefits was "not a fresh act of discrimination" but rather a "refusal to undo a discriminatory decision." *Martin, supra,* 135 F.3d at 310.

■ *(C) Failure to state claim:*[2] Three circuits have held that providing disparate benefits to those with physical and mental disabilities does not violate the ADA. *Ford v. Schering–Plough Corp.,* 145 F.3d 601 (3rd Cir.1998); *Parker v. Metropolitan Life Ins. Co.,* 121 F.3d 1006, 1015–19 (6th Cir.1997) (en banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 871, 139 L.Ed.2d 768 (1998); *E.E.O.C. v. CNA Ins. Companies,* 96 F.3d 1039, 1044 (7th Cir.1996); *see also, Modderno v. King,* 82 F.3d 1059, 1061–62 (D.C.Cir.1996) (Rehabilitation Act claim), *cert. denied,* —— U.S. ——, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997).

At issue in *Parker* was a 24 month mental disability limitation identical to this one. *Parker* reasoned that the ADA does not mandate equality among persons with different disabilities. 121 F.3d at 1015–16. It is

---

1. The argument tends to be self-defeating. If the claims accrued on the effective date, what was the triggering event? It could only be the letter of August 7, 1990 because nothing else transpired in the interim.

2. This section applies equally to the ADA and Rehabilitation Act claims.

enough that all employees are given equal access to a policy and it is irrelevant that a plan might treat some forms of disability more favorably than others. *Id.* A contrary rule would destabilize the insurance industry, something Congress could not have intended. *Ford, supra,* 145 F.3d at 604.

Research reveals only one published decision which has endorsed plaintiff's analysis. *Lewis v. Aetna Life Ins. Co.,* 982 F.Supp. 1158, 1165–69 (E.D.Va.1997).[3] *Lewis* has not found a following and has drawn sharp criticism. *Rogers v. Department of Health and Environmental Control,* 985 F.Supp. 635, 639–40 (D.S.C.1997). Deciding which competing line of authority to accept when the Ninth Circuit has not spoken to an issue is not a matter of simply arraying the case law and taking a head count, and the fact that *Lewis* stands alone does not necessarily make the decision wrong. However, it is difficult to ignore the fact that every circuit thus far addressing the issue has sided with defendants.

### Conclusion

All claims are time barred. All claims except for those under the ADA would be time barred even under the six year statute. Even were they not time barred, the ADA cannot reach back retroactively to when plaintiff was notified she would be limited to 24 months of coverage. Finally, plaintiff does not state a claim under the ADA and the Rehabilitation Act because neither makes the discrimination complained of unlawful. The § 1983 claim is wholly derivative of the ADA and Rehabilitation Act claims.

**IT IS HEREBY ORDERED:**

(1) Defendant Standard Insurance Company's motion to dismiss (**Ct. Rec. 14**) is GRANTED.

(2) Defendant State of Washington's motion to dismiss (**Ct. Rec. 17**) is GRANTED.

**IT IS SO ORDERED.** The District Executive is hereby directed to enter this Order,

enter judgment thereon, furnish copies to counsel, and close this file.

---

**3.** *Lewis* has not yet been subjected to appellate review. A final order was entered only last month. *Lewis v. Aetna Life Ins. Co.,* 7 F.Supp.2d 743 (E.D.Va.1998).