**Richard S. SAFFELL, Plaintiff,**

v.

**STATE FARM MUTUAL AUTO-MOBILE INSURANCE CO.**
**Defendant.**

**No. 01CV1149.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 8, 2002.

Christopher Michael Dove, Annette Kay Rubin, Attorney at Law, Leesburg, VA, for Richard S. Saffell, plaintiff.

Elizabeth Land Lewis, John Francis Scalia, David Alan Kessler, Greenberg Traurig, McLean, VA, for State Farm Mutual Automobile Insurance Company, defendant.

## ORDER

HILTON, Chief Judge.

This matter comes before the Court on Defendant's Motion for Summary Judgment.

Plaintiff brings this action alleging employment-based disability discrimination and retaliation under the Americans with Disabilities Act (hereinafter "ADA"). Plaintiff became an employee of State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") in April 1986 and was terminated in March 1999. In the summer of 1997 State Farm underwent a major reorganization which resulted in the reduction of a number of employees. In October 1997 State Farm informed Plaintiff that he would not have a position once the reorganization was completed, but his termination would not take effect until March 8, 1999. State Farm alleges that it's decision was based on Plaintiff's job performance and on a "needs improvement" merit rating Plaintiff received during a March 1997 performance evaluation. Plaintiff alleges that State Farm discriminated against him on account of his disability by failing to make reasonable accommodations available to him, and then State Farm retaliated against him due to his complaints about State Farm's discriminatory conduct by terminating his employment.

Summary judgment is appropriate where there is no genuine issue as to any material fact. *See* Fed.R.Civ.P. 56(c). A material fact in dispute appears when its existence or non-existence could lead a jury to different outcomes. *See Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party. *See Id.* Mere speculation by the non-moving party "can not create a genuine issue of material fact." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985); *See Also Ash v. United Parcel Serv., Inc.,* 800 F.2d 409, 411–12 (4th Cir.1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the evidence presented must always be taken in the light most favorable to the non-moving party. *See Smith v. Virginia Commonwealth Univ.,* 84 F.3d 672, 675 (4th Cir.1996).

The ADA requires entities, including private employers, to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). Plaintiff alleges that State Farm failed to accommodate him after he suffered a back injury by not permanently assigning him to a desk job which involves less physical movement.

The ADA requires that an aggrieved party file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e–5(e)(1). Where a party first institutes proceedings before a state or local agency, the party has 300 days to file a charge with the EEOC. *Id.* Absent a filing within such periods, a claim for disability discrimination is time-barred. Plaintiff filed with the Fairfax County Human Rights Commission and the EEOC in December 1999 which exceeds the 180 and 300 day time limit.

■ "A disabled plaintiff's employment discrimination cause of action accrues on the date that the alleged unlawful employment practice occurs ..." *Martin v. Southwestern Virginia Gas Co.,* 135 F.3d 307 (4th Cir.1998). The proper accrual date is October 1997 when the Plaintiff was informed that he was going to be terminated, and told his supervisor that he had been selected for termination because of his disability. *See Martin* at 310 (4th Cir.1998); *See Also Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (statute of limitations starts on date employee receives notice of imminent discharge because "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful"); *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir. 1995) ("a discharge with a deferred effective date entails only one discriminatory decision," which occurs when employee receives notice of the discharge); *Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583, 589 (5th Cir.1995) (statute of limitations begins to run when employee receives unequivocal notice of termination). Using October 1997 as the accrual date, the Plaintiff's claim of discrimination is time barred since he did not file with the EEOC within 180 days or 300 days of the October 1997 announcement.

■ Plaintiff also alleges that his termination was in retaliation for his complaints of disparate treatment by the Defendant. To establish a prima facie claim of retaliation, the Plaintiff must prove that: (1) he engaged in a protected activity; (2) his employer took an adverse employment ac-

tion against him; and (3) a causal connection existed between the protected activity and the asserted adverse action. *See Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir.2001). The Plaintiff alleges the causal connection to be based on the "temporal proximity" between (1) his complaints to several supervisors about the allegedly discriminatory treatment based on his disability, and (2) the harassment by his immediate supervisor, Barbara Shaiko, who issued disciplinary counseling memos to the Plaintiff which resulted in Plaintiff being terminated and not chosen for a transfer or any other position in State Farm. To establish a causal connection the Plaintiff must show close temporal proximity between the protected activity and the adverse employment action. *See Carter v. Ball*, 33 F.3d 450, 461 (4th Cir.1994). Plaintiff must present evidence that his protected activity preceded the adverse action and that the person who engaged in the adverse action was aware of his protected activities before taking adverse action in a timely fashion. *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir.1998). Plaintiff has presented no evidence that Ms. Shaiko knew of Plaintiff's complaints when she issued the February 1997 "needs improvement" rating which Plaintiff alleges lead to him being selected for termination in October 1997. The evidence shows that his termination is based on legitimate, non-discriminatory reasons: State Farm was not satisfied with Plaintiff's performance. For these reasons, this Court finds Plaintiff has failed to present any evidence that Defendant's action of termination was in retaliation for his complaints about discriminatory treatment.

For these reasons, it is hereby,

ORDERED that Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED ·

### ORDER

This comes before the Court on Plaintiff's Motion for Leave to File his Opposition to Defendant's Motion for Summary Judgment Out of Time. It is hereby,

ORDERED that Plaintiff's Motion for Leave to File his Opposition to Defendant's Motion for Summary Judgment Out of Time is GRANTED and Plaintiff has until Thursday, March 28, 2002 to file an opposition.