

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Zdziech v. DaimlerChrysler Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2953

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Zdziech v. DaimlerChrysler Corp" (2004). *2004 Decisions.* Paper 307.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/307

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2953

STANLEY J. ZDZIECH,
                                        Appellant

v.

DAIMLERCHRYSLER CORPORATION;
UAW 1183

Appeal from the United States District Court
for the District of Delaware
(D. C. Civil No. 02-cv-00090)
District Judge:  Honorable Gregory M. Sleet

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2004

Before:  RENDELL, FUENTES and SMITH <u>Circuit</u> <u>Judges</u>.

(Filed : September 30, 2004)

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

      Appellant Stanley Zdziech ("Zdziech") seeks reversal of the District Court's grant

of summary judgment for Defendant DaimlerChrysler Corporation ("DCC") on the

grounds that Zdziech failed to timely file his claims of discrimination against his former

employer DCC. This ruling was based on the Court's determination that Zdziech's subsequent requests to return to work did not constitute discrete acts of employment discrimination, but rather stemmed from DCC's action of placing him on disability leave on October 27, 1998. Because Zdziech failed to file a charge of discrimination with the EEOC until May 12, 2000, his filing was not made within the requisite 300-day period following DCC's adverse employment action in October 1998.[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We will affirm.

I.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. On October 27, 1998, after an aggravation of a pre-existing condition, DCC placed Zdziech on disability leave. This act, Zdziech argues, constituted unlawful discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. Zdziech filed a complaint with the EEOC alleging

---

[1] As noted by the District Court, although a plaintiff must normally bring suit within 180 days of an alleged discriminatory act, where the plaintiff files a claim with a state or local agency authorized to adjudicate the claim, the plaintiff is granted an extension of 300 days from the original discriminatory act with which to file the claim with the EEOC. See, e.g., White v. Gallagher Basset Servs., No. 02-2364, 2003 U.S. Dist. LEXIS 2051, at *6 (E.D. Pa. Feb 4, 2003). Since the matter originated in the State of Delaware, which is a deferral state with a state agency that has authority to investigate employment discrimination charges, the plaintiff is permitted to file charges with the EEOC within 300 days of the alleged discriminatory act under the provisions of 42 U.S.C. § 2000e-5(e)(1).

disability discrimination on May 12, 2000. On February 24, 2000, Zdziech's condition improved and DCC returned him to his original disability status, which enabled him to perform the essential functions of his former position with DCC, with reasonable accommodation. Although this status reflected the original restrictions imposed upon him prior to the exacerbation of his condition in October 1998, DCC did not reinstate him. During the period of October 1998 through May 2000, Zdziech sent "repeated requests" to DCC to be returned to work, which were either refused or ignored by DCC. The last of these letters was dated May 1, 2000, again requesting that he be returned to work.

Zdziech now appeals the District Court's judgment, contending that the Court erred by considering "the entire circle of events," including Zdziech's multiple requests for reinstatement, as a single event stemming from DCC placing Zdziech on disability leave in October 1998. Zdziech also raises an argument that the Court erred by not regarding Zdziech's change in status on February 24, 2000, and DCC's subsequent failure to reinstate him as a new and distinct act of discrimination which was within the 300-day limitations period for him to file an EEOC complaint.

II.

We exercise plenary review of the District Court's grant of summary judgment and we apply the same standard that the lower court should have applied. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to

3

the non-moving party, the moving party is entitled to judgment as a mater of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In Zdziech's action before the District Court, he argued that each of his requests for reinstatement, including the letter of May 1, 2000, constituted a discrete act of employment discrimination which should restart the 300-day clock for filing with the EEOC.  The District Court properly found that each of these letters did not represent a "discrete action" of discrimination.  We agree with the judgment of the District Court that "Zdziech's rights under the ADA fully ripened on October 27, 1998 when DaimlerChrysler placed him on disability leave."

The Supreme Court has held that "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" that may start a new limitations period for filing a charge.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).  In National Railroad Passenger Corp., the Court included as separate incidents of discrimination actions such as terminations, failures to promote, denials of transfer, and refusals to hire.  Id.  The repeated refusal of an employer to reinstate an employee to a formerly held position, however, does not give rise to a new claim of discrimination.  See NLRB v. Pennwoven, 194 F.2d 521, 526 (3d Cir. 1952).

The failure to act upon receipt of a letter requesting reinstatement is not a discrete act of discrimination and does not restart the statute of limitations.  Zdziech's complaint,

4

and the subsequent letters, stem from DCC placing him on disability leave on October 27, 1998. To permit a person to reset the statutory requirements for the timely filing of a complaint merely by writing a new letter to his former employer would clearly vitiate the intent behind the 300-day time limit. See, e.g., Hart v. J.T. Baker Chem. Co., 598 F.2d 829, 833 (3d Cir. 1979) (noting that the "'primary consideration underlying statutes of limitations is that of fairness to the defendant'") (quoting Smith v. Am. President Lines, Ltd., 571 F.2d 102, 109 n.12 (2d Cir. 1978)).

## III.

In the alternative, Zdziech argued to the District Court that DCC's continued refusal to return him to work should be considered a continuing act of ongoing discrimination. If DCC's actions could be considered an ongoing discriminatory action, this would create a continuing violation, starting on October 27, 1998, and continuing through the date of Zdziech's last letter to DCC on May 1, 2000, only 12 days before Zdziech's EEOC filing. This theory, however, would be misapplied in the case before us. Allowing Zdziech to establish a continuing violation "by repeatedly asking for reinstatement . . . is contrary to the policy rationale of the statute of limitations." Moiles v. Marple Newtown Sch. Dist., No. 01-4526, 2002 U.S. Dist. LEXIS 15769, at *20 (E.D. Pa. Aug. 23, 2002). To adopt such an argument would "effectively eviscerate statutes of limitations" in cases like this one. Id.

IV.

In an argument that was not presented to the District Court, Zdziech claims that the District Court should have "treated the facts" contained in his complaint as "one involving two different periods, resulting from a change in circumstances." This argument claims that the alleged discrimination stemming from DCC placing him on disability leave in October of 1998 was a failure to accommodate his disability. DCC's subsequent failure to reinstate him following his reclassification in February 2000, however, according to Zdziech, was discrimination on the basis of his "having a record of a disability," in violation of 42 U.S.C. § 12102(2)(B), or being "regarded as having a disability," in violation of 42 U.S.C. § 12102(2)(C). This, Zdziech contends, is "both different in time and kind" from DCC's October 1998 actions.

While the record on appeal must be viewed in the light most favorable to the party who lost on summary judgment in the District Court, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), an appellate court may only review the record as it existed at the time summary judgment was entered. In reviewing a summary judgment order, an appellate court "'can consider only those papers that were before the trial court. The parties cannot add exhibits, depositions or affidavits to support their position. Nor can they advance new theories or raise new issues in order to secure a reversal of the lower court's determination.'" Union Pac. R.R. v. Greentree Transp. Trucking Co., 293 F.3d 120, 126 (3d Cir. 2002) (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary

6

Kay Kane, Federal Practice and Procedure: Civil 3d § 2716 (1988)).

"This court has consistently held that it will not consider issues that are raised for the first time on appeal." Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994); see also, e.g., Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1115 (3d Cir. 1993); In re Am. Biomaterials Corp., 954 F.2d 919, 927-28 (3d Cir. 1992); Frank v. Colt Indus., Inc., 910 F.2d 90, 100 (3d Cir. 1990). Since there is no record of this issue being raised in the District Court, we will not consider it here.

V.

For these reasons, we conclude that the District Court properly granted summary judgment in favor of DCC. Accordingly, we will AFFIRM the Order of the District Court.

7