NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0818n.06
Filed: November 7, 2006

No. 06-3275

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| H. RANDALL HALL, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| THE SCOTTS COMPANY ET AL., | ) | |
| | ) | **O P I N I O N** |
| Defendants-Appellees. | ) | |

BEFORE:     KEITH and McKEAGUE, Circuit Judges; and CLELAND, District Judge.[*]

**McKEAGUE, Circuit Judge.**  H. Randall Hall worked for The Scotts Company, an Ohio corporation,[1] for a number of years.  Claiming that he is disabled and that the company failed to accommodate his disability, Hall sued the company under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* (the "ADA"), and Ohio's handicap discrimination law, Ohio Rev. Code § 4112.01 *et seq*.  The district court concluded that Hall's ADA claim was time-barred and granted summary judgment to the company; it declined supplemental jurisdiction over the state law claim.  For the reasons set forth below, we affirm.

**I.**

_____

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1]Hall sued both The Scotts Company and its successor in interest, The Scotts Company LLC. The defendants are referred to herein collectively as "Scotts."

Hall suffers from a breathing condition that causes decreased lung capacity. In March 2003, Hall requested that Scotts provide him with a respirator/hardhat unit that would enable him to work as a forklift driver despite his breathing condition. In August 2003, the company refused his request, citing safety concerns over his operating a forklift while wearing the respirator. Hall offered in November 2003 to purchase the respirator himself if he were allowed to wear it while working. The company declined again on December 20, 2003.

Subsequently, Hall filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 13, 2004. The EEOC declined to take any action, and Hall initiated the present action.

Scotts moved the district court to dismiss the ADA claim as time-barred. Although styled as a motion to dismiss, the district court treated Scotts's motion as one for summary judgment because both parties submitted affidavits to support their respective positions.[2] The district court agreed with Scotts, and granted summary judgment to the company.

## II.

We review *de novo* the district court's grant of summary judgment based on timeliness. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005); *Amini v. Oberlin College*, 259 F.3d 493, 497-

---

[2]In his response to the dispositive motion, Hall requested under Fed. R. Civ. P. 56(f) that the district court decline to decide the company's motion until discovery could be taken. The district court denied his request. Hall does not argue on appeal that the district court erred in this aspect of its decision; accordingly, he has waived any argument on the matter. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005); *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

98 (6th Cir. 2001). In order to recover for illegal discrimination in employment under the ADA, a plaintiff must first timely file a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a) (incorporating the charging requirements of Title VII, 42 U.S.C. § 2000e-5(e)); *Amini*, 259 F.3d at 498. Hall had 300 days from when his claim arose to file his charge. *Amini*, 259 F.3d at 498. He filed his charge on October 13, 2004; thus, going back 300 days, his claim must be based on a discriminatory act occurring after December 17, 2003. If his claim arose before December 18th, he is barred from pursuing it. *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003) ("[T]he Title VII administrative charge period is functionally equivalent to a statute of limitations.").

We agree with the district court that the only potentially discriminatory act by Scotts occurred in August 2003, when the company denied his request because of its safety concerns.[3] Hall asserts that the parties were engaged in an "interactive process" to accommodate his disability, *see* 29 C.F.R. § 1630.2(*o*)(3), which did not culminate until December 20, 2003. Yet, his offer to buy the unit, made in November, did not respond in any way to the company's safety concerns and was, as the district court put it, simply "an impotent attempt" to renew his earlier request. Scotts's reiteration of its earlier denial was, at most, "merely a consequence of its [earlier] discriminatory act," and not, as Hall contends, the culmination of an interactive process to accommodate his disability. *Conner v. Reckitt & Colman, Inc.*, 84 F.3d 1100, 1102 (8th Cir. 1996) ("[A]llowing [the plaintiff] to restart the statute of limitations by sending a letter requesting reasonable accommodations after she has

---

[3]Hall attempts to create an issue of fact here where none exists. In an affidavit by its safety manager, Scotts states that it informed Hall of its safety concerns in August 2003. Hall's affidavit in response is silent on the reason given to him by the company for its refusal. His silence on the subject does not refute or otherwise call into question the company's stated rationale.

been unequivocally fired would destroy the statute of limitations."); *see also Elmenayer v. ABF Freight Sys.*, 318 F.3d 130, 135 (2d Cir. 2003) (explaining that "[t]he rejection of a proposed accommodation is a single completed action when taken"); *Zdziech v. DaimlerChrysler Corp.*, 114 F. App'x 469, 472 (3d Cir. 2004) (unpublished) ( "To permit [an employee] to reset the statutory requirements for the timely filing of a complaint merely by writing a new letter to his former employer would clearly vitiate the intent behind the 300-day time limit."). As Hall's ADA claim arose before December 18, 2003, it is barred.

**III.**

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Scotts on Hall's ADA claim. We further affirm the district court's decision to decline supplemental jurisdiction over Hall's state law claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").