[No. 2058.  Decided March 17, 1897.]

JOSEPH VASELE, *Appellant*, v. THE GRANT STREET
    ELECTRIC RAILWAY COMPANY AND W. J. GRAMBS,
    *Receiver, Respondents.*

ACTION AGAINST RECEIVER — SUFFICIENCY OF COMPLAINT — STREET
    RAILROADS — INJURY TO PASSENGER — CONTRIBUTORY NEGLIGENCE.

In an action against a corporation and its receiver to recover
damages for personal injuries, the complaint fails to state a cause of
action against the receiver, when the title of the cause simply
designates him "receiver," without preceding such designation by
the word "as," and when the body of the complaint, while alleging
that he is the duly appointed and acting receiver of the company,
fails, to allege that he had charge of the company or its property as
receiver, at the time of the accident, and further distinctly alleges
that the negligent act complained of was that of a duly authorized
agent of the company.

When a motorman of an electric car stops same when signalled,
at a place some fifteen or twenty feet beyond the crossing, and at a
place which, being an elevated portion of the roadway, is dangerous
by reason of the absence of electric lights and of a fence or railing,
both of which it was the duty of the company under its franchise to
maintain, and there waits for the intending passenger to come and
board the car, the act constitutes such negligence on the part of the
motorman as to render his employer responsible for injuries result-
ing therefrom.

Whether the intending passenger would, under such circum-
stances, be guilty of contributory negligence in attempting to board
the car is a question for the jury.

Appeal from Superior Court, King County.— Hon. T. J. HUMES, Judge.   Reversed.

*W. H. White*, for appellant.
*Burke, Shepard & Woods*, for respondents.

The opinion of the court was delivered by

ANDERS, J.—This is an action to recover damages for personal injuries, and the only error assigned is the ruling of the court below in sustaining a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.   The allegations of the complaint are as follows :

" By leave of court first had and obtained, comes now the plaintiff and files this his complaint and for cause of action alleges :

" (1). That the defendant, W. J. Grambs, is the duly appointed, acting and qualified receiver of the circuit court of the United States, Northern District of Washington, and is in charge of and had control of the management of the business of the Grant Street Electric Railway Company at all the times hereinafter mentioned.

" (2). That on January 2, 1895, and for a long time theretofore, the defendant was a corporation duly incorporated under the laws of this state, and was the owner of a certain electric street railway, known as the Grant Street Electric Railway, together with the track and other appurtenances thereto belonging; and was a common carrier of passengers thereupon for hire, between Yesler avenue and South Third street in the city of Seattle, and

" (3). That the city council of the city of Seattle, in granting a franchise to the said defendant company to operate its said railway through the streets and alleys of said city, conditioned that the said company should erect and maintain at their own proper cost and expense certain lights along the line of the said electric railway, and said lights were not to be at a greater distance from each other than 250 feet.

"(4). That said electric railway company had no light where their road crosses said Bay View street, nor for a distance of more than 200 feet on either side of said street.

" (5). That according to the terms and conditions of the said franchise, the defendant company were obliged to keep in repair a fence or railing on the outer side of any bridge or elevated roadway on which their tracks were laid.

" (6). That where the defendant company's railway crosses Bay View street in the city of Seattle, it is an elevated roadway 10 to 12 feet, and that on the outer side of said elevated roadway the defendant company has not now nor did it have on January 2, 1895, any fence or railing.

" (7). That on the second day of January, 1895, and for a long time prior thereto the defendant [plaintiff ?] was employed by the Bay View Brewing Company, as a brewer, and earned eighty dollars ($80) per month.

" (8). That at six o'clock, P. M., on the second day of January, 1895, the plaintiff was standing on Bay View street 15 feet from the railway of said company, that said place was a regular stopping place for the cars of said company, that he hailed a car going into the city when said car was 80 feet away from him, but coming toward him.

" (9). The motorman, the duly authorized agent of the defendant company, so carelessly, negligently and unskillfully managed said car that he did not stop said car until it had passed by plaintiff and over said Bay View street some 15 or 20 feet.

" (10). That said motorman did not back said car to where plaintiff was standing, and plaintiff was compelled to go upon the roadbed of said defendant company in order to catch said car.

" (11). That in so going toward said car, owing to the darkness, by reason of the failure of the defendant company to properly light said road, and in consequence of the defective manner in which the roadbed of said company was constructed, and the failure of said company to properly protect the same, the plaintiff fell through said roadbed and sustained great in-

jury, to wit : broke his right leg, was injured internally, and thereby sustained damages in the sum of two thousand dollars ($2,000).

"(12). That in consequence thereof, the plaintiff was put to great pain, and was, and still is prevented from going on with his business and is damaged therein the sum of $250; and is, as he believes, permanently injured, and was otherwise greatly injured, and was compelled to expend $—— for medical attendance and nursing to his damage of $——."

The defendants joined in their demurrer and therefore, if the complaint is good as to either of them, the demurrer should not have been sustained.

1. It is quite apparent, we think, that no cause of action is stated against the defendant Grambs. In the title of the cause he is designated simply "receiver," and such designation not being preceded by the word "as" must be deemed mere *descriptio personæ*. *Bennett v. Whitney*, 94 N. Y. 302. In the body of the complaint it is stated that he is a duly appointed, acting and qualified receiver of the circuit court of the United States' for the Northern District of Washington, and is in charge, and had control, of the business of the defendant company at all the times in the complaint mentioned. But it is not averred that he had such charge and control as the receiver of the company or its property, whatever may have been the intention of the pleader in that regard. It might well be that he was a receiver duly appointed by the court and yet had control of the company's business in some other capacity; and according to the allegations of the complaint he must have had control of the business of the railway company as an individual only, and not as a receiver. But, individually, he is charged with no negligence or misconduct whatever. If he was receiver of the company's property and, as

such, was conducting its business and using its franchise, he was himself a common carrier of passengers, and those employed by him, in the conduct of such business, were his agents and not those of the company, and he was liable in his official capacity for their negligence. 20 Am. & Eng. Enc. Law, p. 378. But it is distinctly averred in the complaint that the motorman, who is alleged to have been negligent in the management of the car, was the duly authorized agent of the defendant company. He was therefore not the agent of the defendant Grambs, either as receiver or as an individual, and it follows that Mr. Grambs is not amenable for his negligent acts.

2. It must be conceded that the complaint as to the railway company is in some respects vague, indefinite and uncertain. But, adopting the liberal rule of construction enjoined by the code, we are able to see that the company is substantially charged with negligence in not stopping its car on Bay View street, the usual stopping place, and in not moving it back to receive the appellant at that place; in not maintaining lights along its line of railway in accordance with the requirements of the city council, and in not maintaining a fence or railing on the outer side of its elevated roadway where it crosses Bay View street. But it is insisted by the learned counsel for respondent that it fairly appears by paragraph 11 of the complaint that but one of these alleged omissions of duty is assigned as a cause of appellant's injury, viz., the failure of the respondent company to properly light its road. But, be that as it may, the fact still remains that respondent's agent and employee stopped his car at a place where it was dangerous for an intending passenger to undertake to go to it, under the then existing conditions, and which the agent in charge of the car knew,

or ought to have known, was dangerous. Stopping and keeping the car at that place was an implied invitation to appellant to board it there, and was negligence on the part of the motorman having it in charge.

The question then is, was the appellant, in attempting to reach the car, himself guilty, under the circumstances, of such negligence as to preclude a recovery in this action? Or, in other words, was he, as matter of law, contributorily negligent? It is the established law of this state that contributory negligence is matter of defence and must be alleged and proved by the defendant and need not be negatived by the plaintiff in his complaint, and that it is a question for the jury, and not the court, to determine, unless from the established facts but one conclusion can be rationally drawn by different minds. If there is room for a difference of opinion between reasonable men as to the inferences which may be fairly and reasonably drawn from established or conceded facts, the question of negligence is one of fact and not of law; *McQuillan v. Seattle*, 10 Wash. 464 (38 Pac. 1119, 45 Am. St. Rep. 799); see, also, *Smith v. Spokane, ante*, p. 403; 1 Shearman & Redfield, Negligence (4th ed.), § 54.

Applying this rule to the facts and circumstances in this case, we are constrained to say that in our opinion reasonable men might honestly differ as to whether or not the appellant was in this instance guilty of contributory negligence, and that question ought, therefore, to be submitted to a jury for their determination. It must be borne in mind, however, that we base our decision in this case wholly upon the facts set forth in the complaint and admitted by the demurrer. An entirely different case may be presented by the evidence on the trial, and the plaintiff may or may not be entitled ultimately to recover.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer to the complaint.

SCOTT, C. J., and DUNBAR and GORDON, JJ., concur.