RAPHAEL v. TRASK et al.

(Circuit Court, S. D. New York. October 28, 1902.)

1. EQUITY—LEAVE TO AMEND BILL—EFFECT OF PRIOR ADJUDICATION.

An order made by a federal court dismissing a bill against the members of a partnership on the ground that some of the partners were citizens of the same state as complainant necessarily determined that such defendants were necessary parties, and so long as it remains unreversed complainant will not be granted leave to amend by striking out their names, so that the suit may proceed against the remaining defendants.

In Equity. On motion of complainant for leave to amend bill and for leave to file supplemental bill.

Charles L. Easton, for complainant.
Edward M. Shepard, for defendants.

COXE, Circuit Judge. The firm of Spencer Trask & Co. is, and during all the time in controversy was, composed of five members, three of them being citizens of the state of New York and two of them being citizens of the state of New Jersey, of which state the complainant is also a citizen. The original bill was filed against all of the members of the firm. The defendants thereafter filed a plea to the jurisdiction alleging the above facts. After full consideration the plea was sustained by Judge Thomas, who directed that an order be entered dismissing the bill. The complainant now asks to amend the bill by dropping the defendants who are citizens of New Jersey so that the suit may proceed against the three remaining defendants who are citizens of New York. If the court be convinced that, as the law is now declared, the amended bill cannot be maintained it should say so in limine without putting the parties to the expense and delay of a hearing upon a plea to the amended bill. The decision upon the plea established the following propositions:

First. That the facts whether as stated in the original bill or in the proposed amended bill cannot be regarded as constituting a cause of action ancillary to the foreclosure action pending in Utah, and that upon the facts, which are unquestioned, it is impossible so to consider it.

Second. That all of the members of the firm of Spencer Trask & Co. are interested in the fund which complainant seeks to impound, and are necessary parties to the determination of the questions involved.

If the court had been of the opinion that the action could have proceeded without the New Jersey defendants it would not have ordered the dismissal of the bill. The present motions cannot be granted without ignoring the law as thus stated. If the complainant be dissatisfied with the present status of the law his remedy is by appeal and not by presenting the old facts with new inferences and conclusions based thereon.

The motions are denied.