**SPANNER v. BRANDT et al.**

District Court, S. D. New York.

Jan. 9, 1941.

Sabbatino & Todarelli, of New York City, for plaintiff.

John C. Rowe, of New York City, for defendant General Electric Corporation.

Townley, Updike & Carter, of New York City (Stuart N. Updike and James S. Kemper, Jr., both of New York City, of counsel), for other defendants.

CONGER, District Judge.

Defendant moves to dismiss the complaint herein, pursuant to Rule 12(b) and Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that certain indispensable parties, namely, Hans J. Spanner, Ulrich W. Doering and Edmund Gerner (called the Inventor Group), have not been joined as parties defendant.

The gravamen of this complaint is that the defendants conspired to defraud the plaintiff herein. While the above named Inventor Group are not mentioned in the action as defendants, nevertheless plaintiff insists that they are bound by a decree of this court to be entered herein.

The defendants contend that these individuals are indispensable parties to this litigation inasmuch as the interests of said Inventor Group are joint with those of the defendants named herein and are of such a nature that this court could not make a final decree in favor of the plaintiff without adversely affecting the rights of the Inventor Group. The plaintiff asserts that this motion should be denied because: (a) The defendant Allan D. Emil is the agent and trustee of the Inventor Group and adequately represents the latter in this proceeding, and (b) some of the relief prayed for in the complaint will not affect the Inventor Group and as to these items the court can fashion a decree that will not affect the rights of said group.

Under Rule 19 (a), F.R.C.P., persons having a joint interest must be made parties, either as plaintiffs or defendants. This phrase "joint interest" must be construed to mean those who were indispensable parties under the previous practice before the adoption of the new Federal Rules of Civil Procedure. Moore's Federal Practice, Vol. 2, p. 2142; Simkins Federal Practice, p. 330 et seq.

In Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, the Supreme Court defines indispensable parties as "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." See also Barney v. Baltimore, 6 Wall. 280, 18

L.Ed. 825; State of Washington v. United States, 9 Cir., 87 F.2d 421.

■■ Before passing to the question of whether the absent defendants herein are indispensable parties according to the above rule, contention (a) supra of the plaintiff should be answered. Allan D. Emil is named as a party defendant, and the complaint asserts (paragraph 6) that said Emil is "the duly authorized representative, agent and trustee of the Inventor Group." This allegation is merely a conclusion of law. Whether or not this complies with Rule 9(a), F.R.C.P., is not necessary to now determine. If the defendant Emil is to be sued as a representative so as to bind the interests of those in whose behalf he is alleged to act, it is elementary that the title of the action must indicate that he is being sued in his representative capacity in contradistinction to his individual capacity. As the complaint now stands, assuming he were the agent and trustee of the absent parties, Emil, individually, is being sued herein. 1 Moore Federal Practice, § 9.01, p. 585. I therefore decide against the plaintiff on this point.

Addressing our attention to the plaintiff's contention (b) supra, and to the question of the necessity of having the absent parties brought before this court, the plaintiff's prayer for relief is most illuminating.

■■ In paragraph (1) of the prayer he seeks to have a sale of patent rights by the Inventor Group to General Electric set aside and cancelled. In paragraph (2) thereof, plaintiff seeks to cancel an agreement between Spanner Vapor Lamp Co., Inc., and the Inventor Group which fixed the damages sustained by the Spanner Vapor Lamp Co., Inc., arising from the cancellation of a certain license. It is obvious that from a mere reading of the prayer for relief, the plaintiff seeks to adjudicate the rights of the Inventor Group who are not parties to this proceeding. Actions seeking cancellation of contracts cannot be permitted unless all the parties to be affected by a decree shall be before the court. Shields v. Barrow, supra; Egyptian Novaculite Co. v. Stevenson, 8 Cir., 8 F.2d 576. In paragraph (5) thereof, the General Electric Corporation is sought to be restrained from paying to the Inventor Group monies that said corporation owes to said group pursuant to an agreement between them. As to this item the Inventor Group clearly is directly concerned inasmuch as the monies are due them pursuant to a sales agreement involving their patent rights. Assuming that the plaintiff asserted a claim in these patent rights or to the fund created by their sale to the General Electric Corporation, the Inventor Group necessarily would be indispensable. Northern Indiana R. R. Co. v. Michigan Central R. R. Co., 15 How. 233, 14 L.Ed. 674; Raphael v. Trask, C. C., 118 F. 678; Roos v. Texas Co., 2 Cir., 23 F. 2d 171.

■ In paragraph (6) of the prayer the plaintiff asks the court to fix the true damages sustained by the Spanner Vapor Lamp Co., Inc., by virtue of the revocation of the license granted by the Inventor Group. Obviously the court cannot assess the true damages against parties who are not before the court. In any event, until the agreement fixing these damages is set aside, this question may not be raised. As I have pointed out in regard to the cancellation of this contract (discussing paragraph 2 of the prayer, supra) the plaintiff must bring in the Inventor Group in order to attack this agreement.

The plaintiff contends further that even assuming the defendant Emil is not the trustee and representative of the Inventor Group, this motion must be denied because the court can make a decree whereby the rights of the absent parties will not be affected. I cannot hold with the plaintiff in this respect. It is true that there is at least one cause of action, or perhaps two or more, set forth in the complaint which may be decided against at least one or more of these named defendants; and a decree based thereon against these defendants would in no way affect the rights of the persons constituting the Inventor Group.

■ However, the claims of the plaintiff herein respecting the Inventor Group are so closely interwined with those asserted against the present defendants in this action that it is practically impossible to segregate them, and better practice indicates that a segregation thereof should be made by the plaintiff at this time facilitating the presentation of the issues herein.

If this case went to the trial court upon this present complaint, based solely on the theory that recovery could be had against only the named defendants and eliminating any possibility of recovery against the

members of the Inventor Group, there would be considerable confusion.

In the interest of clear and simplified pleading as contemplated by the Federal Rules of Civil Procedure, if the plaintiff desires to proceed against the named defendants on issues pertaining to them alone the complaint should be amended.

Motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after the entry of the order herein. Settle order on notice.