[No. 3209-4-III.   Division Three.   June 26, 1980.]

*In the Matter of the Marriage of* KAREN RAE MORRISON,
*Appellant, and* BRUCE JAMES MORRISON,
*Respondent.*

*John A. Bardelli,* for appellant.

*James M. Kalamon* and *Paine, Lowe, Coffin, Herman & O'Kelly,* for respondent.

Roe, J.—In 1964, Karen and Bruce Morrison were married in Idaho. They later moved to Washington where two children were conceived and born. Bruce Morrison moved to Oregon and in 1974 he there obtained a default decree of dissolution. Karen Morrison (now Melton) remained in Washington with the children. By the terms of that decree, she was awarded custody of the children, and Mr. Morrison was ordered to pay $25 per month child support for each child. He was also ordered to establish a trust for each of the children into which trust he was to pay $100 per month until such child reached 18 years of age. The decree stated that Bruce Morrison's parents, Duane and Dorothy Morrison, were to be co–trustees of the trusts.

Mrs. (Morrison) Melton stated that the amount of child support and the establishment and conditions of the trusts were proposed by her ex–husband and agreed to only because of threats. The trusts were established, but Mr. Morrison named himself instead of his parents as trustee.

Three years later, in April of 1978, Mrs. (Morrison) Melton filed the Oregon decree with the Spokane County Superior Court. She then served her ex–husband with an order to show cause in that court why he should not provide an accounting of trust assets and why there should not be a modification of the Oregon decree to provide for an increase in child support and a change in the manner of its payment. She also sought to be substituted as trustee of the

trusts. Mr. Morrison moved for dismissal for lack of jurisdiction or in the alternative for declination of jurisdiction on the grounds of forum non conveniens. With his motion, he filed an affidavit alleging that Mrs. (Morrison) Melton had moved in 1978 with the two children to Idaho. It was conceded at oral argument that as stated in the affidavit she became a resident of Idaho, which was a condition of her employment there.

The trial court dismissed for lack of jurisdiction that portion of the action concerning the trusts and Bruce Morrison in his capacity as trustee. The court declined jurisdiction on forum non conveniens grounds in favor of Oregon on the balance of the relief requested respecting child support.

The first issue is whether the trial court properly dismissed the portion of this action concerning the Oregon trust. Apparently, though it is not clear from the order of dismissal, the court dismissed for lack of jurisdiction over both the trusts and the trustee.[1]

■ There are serious questions as to the correctness of dismissing a case because a party was served in his personal, instead of his representative, capacity. This is particularly true where the correct individual was served and there has been no prejudice. Counsel has cited no Washington domestic relations case to the contrary, nor did we find any. Dismissal should not be granted on a mere technicality easily remedied by amendment. *See* CR 4(h).

> Modern rules of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties.

*Fox v. Sackman*, 22 Wn. App. 707, 709, 591 P.2d 855 (1979). *See also* CR 17(a); CR 21; CR 60; RAP 1.2(a); *Rydman v. Martinolich Shipbuilding Corp.*, 13 Wn. App. 150,

---

[1]The court's order stated:

"Said motion to dismiss that portion of the above–entitled action having to do with the trust created by the divorce decree entered in the State of Oregon on July 26, 1974, and respondent, in his capacity as trustee of that trust, for lack of jurisdiction is hereby granted, . . ."

534 P.2d 62 (1975); *In re Estate of Crane,* 9 Wn. App. 853, 856, 515 P.2d 552 (1973); *In re Estate of Boyd,* 5 Wn. App. 32, 35, 485 P.2d 469 (1971). Where the real defendant is identifiable from the record or has actually been personally served, some error in the name is not fatal. *Cooney v. Milwaukee R.R.,* 34 F.R.D. 508, 509 (S.D. Iowa 1964). The test is whether the defendant has been prejudiced by not being properly named. *United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872 (4th Cir. 1947); *Bowles v. Marx Hide & Tallow Co.,* 4 F.R.D. 297 (W.D. Ky. 1945).

In *Heatherton v. Playboy, Inc.,* 60 F.R.D. 372, 377 (C.D. Cal. 1973), the court stated that for dismissal, the trial court should look to the parties' relation to the case, its effect on their interests, and whether judgment is sought against them. The plaintiff should be given leave to amend to include the proper party. *See* Fed. R. Civ. P. 10; *Miller v. Director,* 146 F. Supp. 674 (S.D.N.Y. 1956), *aff'd per curiam,* 243 F.2d 527 (2d Cir. 1957). *See also* Fed. R. Civ. P. 17, Notes of Advisory Committee on Rules, at 15 (1972). In *Keeton v. Procunier,* 468 F.2d 810 (9th Cir. 1972), *cert. denied,* 411 U.S. 987, 36 L. Ed. 2d 965, 93 S. Ct. 2276 (1973), the court stated the proper remedy was to give plaintiff the opportunity to amend. In *Lippmann, Inc. v. Hewitt–Robins, Inc.,* 55 F.R.D. 439 (E.D. Wis. 1972), the plaintiff had served the right person but named the wrong corporation. The court held that there should be no dismissal but plaintiff should be given an opportunity to submit an order to substitute the correct name of the defendant.

*Spanner v. Brandt,* 1 F.R.D. 555 (S.D.N.Y. 1941) and *Vasele v. Grant St. Elec. Ry.,* 16 Wash. 602, 48 P. 249 (1897) both stand for the proposition that the proper party must be named. If a person in his representative capacity is the proper party, then the title of the action must indicate that representative capacity. The law is clear on that point. *See* 3A L. Orland, Wash. Prac. § 5131 (1980) (CR 10). The modern rule is that the proper remedy is not to dismiss the

cause of action, but rather to give the parties the opportunity to amend to reflect the proper capacity of the defendant.

However, the plaintiff must make some motion to amend, and no such motion was made in this case. Without such a motion, the proper action for the trial court is to determine whether to dismiss the cause for lack of jurisdiction as was done here. *See Tagliani v. Colwell,* 10 Wn. App. 227, 232–34, 517 P.2d 207 (1973). There was no error in the dismissal.

█ Mrs. (Morrison) Melton also asserts the trial court erred in declining jurisdiction in favor of Oregon as the more convenient forum. As between Washington and Oregon, we agree with the trial court. The application of the doctrine of forum non conveniens lies in the discretion of the trial judge. *Werner v. Werner,* 84 Wn.2d 360, 370–72, 526 P.2d 370 (1974).

> Discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion.

*State v. Sutherland,* 3 Wn. App. 20, 21–22, 472 P.2d 584 (1970).

In this case, the ex–husband lives in Oregon, the default divorce decree was entered in Oregon, and child support payments are made through the Oregon court. The ex–wife and her children live in Idaho where she is employed.[2]

---

[2]Mr. Morrison submitted an affidavit sworn on his personal knowledge that Mrs. (Morrison) Melton had moved to Idaho with the children, and that her residence in Idaho was a condition of her employment there. Mrs. (Morrison) Melton submitted an affidavit of her attorney wherein he recites that Mrs. (Morrison) Melton told him that she was only temporarily in Idaho, that she and the children were still residents of Washington. Mr. Morrison contends that this second affidavit, not being on anyone's personal knowledge and not sworn to by Mrs. (Morrison) Melton is hearsay and cannot be considered, citing CR 56(e). Hearsay evidence in affidavits is inadmissible and may not be considered by the court. 2 S. Gard, *Jones on Evidence* § 8:2 (1972 & Supp. 1979). *See* CR 12(b), 43(e)(1), 56(e); ER 801, 802. Further, a trial judge is presumed to know the rules of evidence and

The only contact Washington has with the child support payments issue is that the parties had lived in Washington and their two children were born here. As between Washington and Oregon, the more substantial contacts lie in Oregon. We therefore cannot say that no reasonable person would have ruled as the court did. *State v. Huelett,* 92 Wn.2d 967, 603 P.2d 1258 (1979).

The trial court is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

is presumed to have considered only admissible evidence. *In re Harbert,* 85 Wn.2d 719, 729, 538 P.2d 1212 (1975).

The affidavit of Mrs. (Morrison) Melton's attorney was inadmissible and could not be considered. The only evidence before the court was that Mrs. (Morrison) Melton lived in Idaho with her children and worked there.