IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STEVE BAUMGARTEN,<br><br>Appellant,<br><br>v.<br><br>SPD SEATTLE POLICE DEPARTMENT,<br><br>Respondent,<br><br>DAVID ROSE, PARELLA LEWIS, WASHINGTON'S MOST WANTED, DENALI FITNESS, SANG KIM, KATHLEEN WATTS, FACEBOOK WEATHERWOMAN, Q13 NEWS ANCHOR WMW PRODUCER, WASHINGTON'S MOST WANTED FACEBOOK,<br><br>Defendants. | No. 78721-7-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br>FILED: February 24, 2020 |

BOWMAN, J. — Steve Baumgarten appeals the trial court's CR 12(b)(6) dismissal of his disability discrimination and defamation claims against the Seattle Police Department (SPD). The trial court ruled that Baumgarten failed to state a claim upon which relief may be granted because SPD lacks the capacity to be sued. We conclude that dismissal on this basis was unwarranted in the absence of prejudice against the city of Seattle (City). We further conclude that Baumgarten's complaint alleged sufficient facts to support his discriminatory police

protection claim but not his remaining claims. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS

Steve Baumgarten suffers from a schizoaffective disorder with features of obsessive-compulsive disorder (OCD). Baumgarten's mental illness compels him to ask other people detailed questions about their actions or conversations with him, a process he calls " 'analysis.' " Baumgarten has had frequent interactions with SPD officers since at least 1996.

On November 22, 2017, Baumgarten filed a pro se complaint against SPD and numerous other defendants.[1] Baumgarten later amended his complaint. His pleadings appear to assert four discernible claims against SPD, including three claims under the federal Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213, and one Washington tort claim for defamation.[2] First, Baumgarten claimed that police officers discriminated against him based on his disability by failing to investigate crimes committed against him and declining to arrest the perpetrators. Second, he claimed that SPD officers wrongfully arrested him because of his disability. Third, he claimed that SPD's failure to enforce laws prohibiting marijuana use in public is discriminatory because it makes the

---

[1] The trial court subsequently dismissed all of Baumgarten's claims against the remaining defendants. Those orders of dismissal are not at issue in this appeal.

[2] Baumgarten argues for the first time in his reply brief that his ADA claims should also be interpreted to include several additional theories of discrimination supported by the facts in his pleadings, including (1) the Washington Law Against Discrimination, chapter 49.60 RCW; (2) 42 U.S.C. § 1983; and (3) chapter 14.11 of the Seattle Municipal Code. Issues raised and argued for the first time in a reply brief are too late to warrant consideration. Cowiche Canyon Conservatory v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

symptoms of his mental illness worse. Fourth, he claimed that SPD defamed him via a Facebook post from the television show Washington's Most Wanted.

On April 13, 2018, the City on behalf of SPD filed a CR 12(b)(6) motion to dismiss on the ground that SPD is not a legal entity capable of being sued. The City further argued that even if Baumgarten's complaint is construed as a suit against the City, dismissal was proper because he failed to state any valid legal claims for discrimination or defamation. The trial court granted the City's motion, finding that SPD "lacks capacity to be sued under Washington law. Therefore, Plaintiff fails to state a claim upon which relief may be granted." Baumgarten appealed.

## ANALYSIS

We review a trial court's CR 12(b)(6) dismissal de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). "A CR 12(b)(6) motion challenges the legal sufficiency of the allegations in a complaint." McAfee v. Select Portfolio Servicing, Inc., 193 Wn. App. 220, 226, 370 P.3d 25 (2016). Dismissal under CR 12(b)(6) is appropriate where the plaintiff cannot prove any set of facts consistent with the complaint that would entitle the plaintiff to relief. Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995). All facts alleged in the plaintiff's complaint are presumed true. Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998). "If a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." Gorman v. Garlock, Inc., 155 Wn.2d 198, 215, 118 P.3d 311 (2005). "Such motions should be granted 'sparingly and with care,' and only in the unusual case in which the

plaintiff's allegations show on the face of the complaint an insuperable bar to relief." San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007) (quoting Tenore, 136 Wn.2d at 330). Pro se litigants on appeal are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law.[3] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

### Incorrectly Named Party

Baumgarten argues that the trial court erred in dismissing his claims on the ground that SPD is not a legal entity capable of being sued. The City correctly notes that jurisdiction over SPD is properly achieved by suing the City. See Nolan v. Snohomish County, 59 Wn. App. 876, 883, 802 P.2d 792 (1990). However, "[d]ismissal should not be granted on a mere technicality easily remedied by amendment." In re Marriage of Morrison, 26 Wn. App. 571, 573, 613 P.2d 557 (1980). CR 4(h) provides:

> At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Thus, "[i]n Washington, when a party is incorrectly named in a lawsuit, dismissal is not the automatic remedy; rather the primary consideration is whether the party has been prejudiced." Prof'l Marine Co. v. Those Certain Underwriters at Lloyd's, 118 Wn. App. 694, 705, 77 P.3d 658 (2003). "[T]he proper course of action in these circumstances 'is not to dismiss the cause of action, but rather to give the

---

[3] Baumgarten filed a pro se opening brief but retained counsel to file his reply brief.

parties the opportunity to amend to reflect the proper capacity of the defendant.' " Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe LLC, 116 Wn. App. 117, 124, 64 P.3d 656 (2003) (quoting Morrison, 26 Wn. App. at 574-75).

Here, Baumgarten's complaint gave sufficient notice to the City regarding his claims. The City in fact appeared in this proceeding on behalf of SPD to defend against the complaint. Under these circumstances, the technical defect In Baumgarten's complaint caused no prejudice and did not warrant dismissal.

### Failure to State a Claim

The State contends that dismissal under CR 12(b)(6) was nevertheless proper because Baumgarten failed to state any valid legal claims. "A prevailing party that seeks no further affirmative relief from the appellate court may argue any grounds in support of the trial court's order that are supported by the record." Modumetal, Inc. v. Xtalic Corp., 4 Wn. App. 2d 810, 834, 425 P.3d 871 (2018), review denied, 192 Wn.2d 1011, 432 P.3d 793 (2019).

### Discriminatory Denial of Police Services

Baumgarten's complaint alleged that SPD discriminated against him by denying him access to police services. Specifically, Baumgarten asserted that because of his disability, SPD failed to investigate or to make arrests when he reported crimes committed against him. The City contends that Baumgarten failed to plead adequate facts to put it on notice of this claim.

"Washington is a notice pleading state and merely requires a simple, concise statement of the claim and the relief sought." Pac. Nw. Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 352, 144 P.3d 276 (2006); CR 8(a). A complaint is insufficient if it fails to give the opposing party fair notice of the claims

5

asserted. <u>Lundberg v. Coleman</u>, 115 Wn. App. 172, 180, 60 P.3d 595 (2002). "The purpose of this 'notice pleading' rule is to 'facilitate a proper decision on the merits.' " <u>CalPortland Co. v. LevelOne Concrete, LLC</u>, 180 Wn. App. 379, 394, 321 P.3d 1261 (2014)[4] (quoting <u>Stansfield v. Douglas County</u>, 146 Wn.2d 116, 123, 43 P.3d 498 (2002)).

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of that disability. 42 U.S.C. § 12132. To prevail on an ADA claim against a public entity, a plaintiff must show

> "(1) he is a qualified individual with a disability; (2) he was either excluded from participation or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) <u>such exclusion, denial of benefits, or discrimination was by reason of his disability</u>."

<u>Lynn v. Dep't of Soc. & Health Servs.</u>, 170 Wn. App. 535, 549, 285 P.3d 178 (2012)[5] (quoting <u>Weinreich v. L.A. County Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. 1997)).

The City concedes that Baumgarten adequately alleged a mental disability and that he describes instances in which he alleges he was denied the benefit of police services. The City contends Baumgarten's claim cannot succeed because he failed to adequately allege that he was denied services or discriminated against because of his disability. We disagree. For example, Baumgarten's complaint alleged as follows:

> Over the past several years, despite ADA laws, there are many times that the Seattle Police has failed to protect me when there was a real threat and/or I was a victim of actual crimes.

---

[4] Internal quotation marks omitted.

[5] Internal quotation marks omitted.

I have been victimized and physically injured by local riffraff and have reported these incidents to the Seattle police. These reports of individuals who have threatened or been violent with me repeatedly have not been taken seriously by the Seattle Police, who dismiss me and my calls as "nuts." This is because of my disability and the fact that I do not present smoothly on the phone. Therefore, I have not received appropriate police protection as a normal citizen would. Many incidents are listed below. In addition, when I have reported crimes as stated above, SPD officers have written in their reports that I am a participant subject in the incidents when in fact I have never been a perpetrator, attacker, weapon-carrier, or stalker.

Baumgarten's pleadings go on to describe numerous incidents in which he alleges that SPD treated him differently because of the unusual behaviors and mannerisms inherent in his mental illness. These pleadings adequately put the City on notice of the claim as CR 8(a) requires.

Wrongful Arrest

Baumgarten's complaint alleged that SPD officers wrongfully arrested him and told people to obtain unnecessary protection orders against him because of his disability. The Ninth Circuit recognizes two types of ADA claims applicable to arrests—(1) wrongful arrest "where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity" and (2) reasonable accommodation where police "fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." Sheehan v. City & County of S.F., 743 F.3d 1211, 1232 (9th Cir. 2014), reversed in part on other grounds by City & County of S.F. v. Sheehan, 575 U.S. 600, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015).

7

The City asserts that dismissal is proper because Baumgarten's wrongful arrest claims are untimely. We agree. "A plaintiff has no cause of action under the ADA for an injury that occurred outside the limitations period." Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 (9th Cir. 2002). "When a federal cause of action does not contain its own statute of limitations, courts borrow the most analogous state limitations period." Conway v. Standard Ins. Co., 23 F. Supp. 2d 1199, 1200 (E.D. Wash. 1998). In Washington, discrimination claims must be brought within the three-year statute of limitations for personal injury actions. RCW 4.16.080(2); Antonius v. King County, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004). Here, Baumgarten's complaint does not appear to allege any instances of false arrest occurring within the three-year statute of limitations. The claim is therefore untimely.

Baumgarten contends that the continuing violation doctrine applies to render his claims timely. This equitable doctrine allows a plaintiff to allege an otherwise time-barred employment discrimination claim where the defendant's wrongful conduct is part of a cumulative pattern of ongoing acts. Antonius, 153 Wn.2d at 262-63. In contrast, where discrete acts of discrimination are alleged, the three-year limitations period runs from the date of the act itself. Antonius, 153 Wn.2d at 264. Here, Baumgarten alleges discrimination based on several discrete instances of wrongful arrest. There is no basis to apply the continuing violation doctrine in this context. Accordingly, the pleadings for this claim show an insuperable bar to relief.

8

Marijuana Laws

Baumgarten claimed that SPD discriminated against him by failing to enforce Seattle Municipal Code (SMC) 12A.20.100, which bans the use of marijuana in public places. Baumgarten contends that he frequently encounters marijuana smoke in public places and that this exposure exacerbates the symptoms of his mental illness, rendering the spaces inaccessible or unusable. "An individual is excluded from participation in or denied the benefits of a public program if 'a public entity's facilities are inaccessible to or unusable by individuals with disabilities.' " Daubert v. Lindsay Unified Sch. Dist., 760 F.3d 982, 985 (9th Cir. 2014) (quoting 28 C.F.R. § 35.149).

However, SMC 12A.20.060 makes "the investigation, arrest and prosecution of marijuana offenses, where the marijuana was intended for adult personal use, the City's lowest law enforcement priority." Law enforcement decisions are afforded wide discretion. See State v. Arreola, 176 Wn.2d 284, 294-95, 290 P.3d 983 (2012); see also West v. Holder, 60 F. Supp. 3d 197, 203 (D.C. 2015) (exercise of prosecutorial discretion regarding nonenforcement of certain federal drug law violations is presumptively unreviewable in federal court). "It is commonly accepted that full enforcement of traffic and criminal laws by police officers is both impossible and undesirable." Arreola, 176 Wn.2d at 294. Baumgarten does not allege that his disability status affected SPD decisions regarding whether to arrest individuals who violate SMC 12A.20.100. Baumgarten has not stated a valid claim based on SPD's failure to enforce this law.

To the extent that Baumgarten's pleadings may be construed to state a cause of action for negligence, that claim is invalid. Under the public duty

9

doctrine, a public entity does not have a duty of care to the public in general. Osborn v. Mason County, 157 Wn.2d 18, 27, 134 P.3d 197 (2006). The "failure to enforce" exception to the public duty doctrine applies when (1) governmental agents are responsible for enforcing a statute, (2) they have actual knowledge of a statutory violation and fail to take corrective action despite a statutory duty to do so, and (3) the plaintiff is within the protected class of the statute. Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 531, 799 P.2d 250 (1990). Baumgarten alleges no facts in support of applying this narrow exception.

Defamation

Baumgarten claims that SPD defamed him based on a December 2017 post on a Facebook page of the television show Washington's Most Wanted. The Facebook post shows photographs of an unidentified person and states, "Does anybody [sic] this man? Detectives say he has been stalking a woman at a business in the Interbay area of Seattle for the. . . ."[6] Baumgarten's complaint asserts that on November 10, 2015, an employee of Denali Fitness threatened and assaulted him after he asked her an "OCD question." On this basis, Baumgarten alleged that the Facebook post "was mounted on false and faulty complaints from Denali Fitness/Interbay by an employee [who] did not have the facts and rushed to escalate the situation along with SPD again" and that "police lied twisted reversed put lies about me again."[7]

---

[6] Second alteration in original.

[7] Although the Facebook post does not reference Baumgarten by name, it can be inferred that he believes the post refers to him and his role in the events at Denali Fitness.

"The elements a plaintiff must establish in a defamation case are falsity, an unprivileged communication, fault, and damages." Mohr v. Grant, 153 Wn.2d 812, 822, 108 P.3d 768 (2005). Moreover, "the release of information to the press and public by police officers" is subject to a "qualified privilege." Bender v. City of Seattle, 99 Wn.2d 582, 601, 664 P.2d 492 (1983). In order to establish an abuse of a qualified privilege, there must be "proof of knowledge or reckless disregard as to the falsity of a statement." Bender, 99 Wn.2d at 559, 601. Here, Baumgarten adequately alleged that the Facebook post was based on false information. However, the complaint does not allege that SPD was involved in the publication of the Facebook post. Nor does Baumgarten plead facts adequate to show that the communication was unprivileged. He has not stated a valid claim for defamation.

In sum, Baumgarten's complaint alleged sufficient facts to support his discriminatory police protection claim but not his remaining claims. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

_Baum, J._

WE CONCUR:

_Smith, J._          _Andrus, J._

11