# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DAVID LEON VANDOVER,<br><br>                                    Appellant,<br><br>          v.<br><br>VALERIE TRIMBLE,<br><br>                                    Respondent. | No.  59384-0-II<br><br><br>UNPUBLISHED OPINION |

LEE, J. — David L. VanDover, Sr. appeals the superior court's order dismissing his complaint against Valerie Trimble.  VanDover's complaint was procedurally defective, and because there was no motion to amend properly before the court, the superior court properly dismissed VanDover's complaint.  Accordingly, we affirm.

### FACTS

Dean Roy Lacy died in October 2022.  Trimble was appointed administrator of Lacy's estate (the Estate).  VanDover filed a creditor's claim against the Estate for hours allegedly worked as Lacy's caregiver.  Trimble rejected the creditor's claim.

On April 14, 2023, VanDover filed a complaint against Trimble for $60,000.  In the complaint, VanDover specifically stated that he was filing the complaint in response to Trimble's rejection of VanDover's creditor's claim and identified no other cause of action.  On May 16, Trimble filed a response to the complaint, alleging that Trimble had no personal liability for Lacy's

alleged debt, VanDover failed to properly name the Estate, and VanDover failed to bring the suit against Trimble in her capacity as personal representative.

On December 1, 2023, Trimble filed a motion for summary judgment, arguing that the complaint should be dismissed because she was not personally liable for any of the Estate's debts. Trimble's summary judgment motion was noted for January 12, 2024.

On December 15, 2023, VanDover filed a motion for partial summary judgment, claiming he was entitled to be compensated for the hours worked for Lacy prior to Lacy's death. In his motion, VanDover changed the case caption to identity Trimble both individually and as the personal representative of the Estate. VanDover also claimed that he brought suit against Trimble both personally and as personal representative of the Estate, under two different theories of recovery: unjust enrichment against Trimble personally and quantum meruit against the estate. However, no motion to amend the complaint had been filed or granted by the superior court. Trimble filed a response to VanDover's motion for partial summary judgment on December 29.

The trial court continued the hearing on both motions for summary judgment to February 2, 2024, due to issues related to service. On January 22, VanDover noted a motion to amend for hearing on February 2. That same day, VanDover filed a document titled "Response to Defendants' Motion for Summary Judgment and Motion for Leave to Amend Complaint" in which VanDover argued that the appropriate remedy for procedural errors in the complaint is to amend the complaint in order to allow the claims to be resolved on the merits. Clerk's Papers at 103. There was no proposed amended complaint attached to the motion to amend. On February 1, VanDover filed what appeared to be a proposed amended complaint.

At the February 2 hearing, the superior court determined that a motion to amend was not properly before the court.[1] The superior court also entered an order granting Trimble's motion for summary judgment, denying VanDover's motion for partial summary judgment, and dismissing the complaint.

On February 12, VanDover filed a second motion for leave to amend the complaint, alleging that the error in noting the original motion to amend had been corrected. VanDover also moved to stay the proceedings pending the outcome of an issue being addressed in the Estate case.[2] Finally, VanDover moved for reconsideration of the superior court's order granting Trimble's motion for summary judgment, arguing that there was no proof that Trimble was actually Lacy's daughter and technicalities have prevented the superior court from hearing the case on the merits. The superior court denied VanDover's motions.

VanDover appeals.

---

[1] VanDover did not designate the verbatim report of proceedings as part of the record on appeal. The only record we have related to the superior court's ruling related to VanDover's motion to amend is the clerk's minutes and the superior court's order, both of which simply state that the superior court was not addressing the motion to amend because it was not properly before the court. Accordingly, we have no record of the reasoning supporting the trial court's determination that the motion was not properly before the court. However, it appears that the motion may have been considered not properly before the court because VanDover failed to file a proposed amended pleading as required by CR 15. *See* CR 15(a) ("If a party moves to amend a pleading, a copy of the proposed amended pleading, denominated 'proposed' and unsigned, shall be attached to the motion."). Further, the document filed on February 1, the day before the proposed hearing, did not meet the requirements of CR 15(a) because it was neither captioned proposed nor unsigned.

[2] VanDover had filed a supplemental petition seeking an order admitting Lacy's alleged will to probate in the estate case. *In re the Estate of Dean Roy Lacy*, No. 59434-0, slip op. at 1 (unpublished) (Wash. Ct. App. Mar. 11, 2025) https://www.courts.wa.gov/opinions/pdf/D2%2059434-0-II%20Unpublished%20Opinion.pdf. The alleged will was rejected and the order rejecting the alleged will was affirmed on appeal. *Id*. at 2-3, 6.

ANALYSIS

VanDover argues that the superior court erred by not allowing him to amend his complaint because the amendment should have been permitted to facilitate deciding the case on the merits.[3] We disagree.

CR 15(a) provides that, once a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." When "'a party moves to amend a pleading, a copy of the proposed amended pleading, denominated "proposed" and unsigned, shall be attached to the motion.'" *Hook v. Lincoln County Noxious Weed Control Bd.*, 166 Wn. App. 145, 159, 269 P.3d 1056 (2012) (quoting CR 15(a)). When the word "shall" is used, it is "presumptively imperative and operates to create a duty." *Id.* The opposing party and the superior court have legitimate needs in seeing the proposed amended pleading "to address and assess relevant issues of prejudice and futility." *Id.*

Additionally, the law is clear that the proper party must be named in an action. *In re Marriage of Morrison*, 26 Wn. App. 571, 574-75, 613 P.2d 557 (1980). When a plaintiff fails to properly name a party, the remedy is generally to allow the party to amend the complaint. *Id.* However, the party must make a motion to amend. *Id.* at 575. Without a proper motion to amend

---

[3] VanDover also assigns error to the superior court's denial of his motion for partial summary judgment. However, VanDover offers no argument or authority supporting his assertion that simply performing work for Lacy entitles him to judgment on any claim as a matter of law as required for summary judgment under CR 56(c). Accordingly, we do not address his assignment of error related to the superior court's denial of his partial summary judgment motion. *See* RAP 10.3(a)(6) (assignments of error must be supported by argument and citation to authority); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (We need not address assignments of error unsupported by argument and citation of authority.).

before the court, the superior court does not abuse its discretion by dismissing a complaint that fails to name the appropriate party. *Id*. at 575.

We review a superior court's ruling on a motion to amend for an abuse of discretion. *Nepstad v. Beasley*, 77 Wn. App. 459, 468, 892 P.2d 110 (1995). A superior court abuses its discretion if its ruling is based on untenable grounds or reasons. *Id*.

Here, despite being on notice of the issue for over six months, VanDover failed to properly file a motion to amend his complaint. VanDover was put on notice regarding his defective complaint in May 2023, but VanDover failed to make any attempt to move to amend his complaint until January 2024.

At the February 2 hearing, the superior court determined that VanDover's first motion to amend, filed on January 22, was not properly before the superior court. The record supports the superior court's determination because there was no proposed amended complaint attached to the motion as required by CR 15(a). VanDover presents no argument or authority that the superior court was obligated to consider an improper motion. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Without a motion to amend properly before the court, the superior court did not abuse its discretion in dismissing the case.

Even if we assume the superior court should have considered VanDover's motion to amend, the motion fails. The record on appeal shows that there was no proposed amended complaint attached to VanDover's motion as required by CR15(a). The necessity of compliance with CR 15(a) is readily apparent here as the original complaint alleged that suit was being filed in response to Trimble's rejection of VanDover's creditor's claim and identified no other cause of action. However, VanDover's later pleadings stated that he was also suing Trimble, both personally and as personal representative of the Estate, under two different theories of recovery:

unjust enrichment against Trimble personally and quantum meruit against the estate. Without a proposed amended complaint attached to the motion to amend as required by CR 15(a), Trimble and the superior court were deprived of the opportunity to view VanDover's allegations to "address and assess relevant issues of prejudice and futility." *Hook*, 166 Wn. App. at 159. Thus, even if VanDover's motion to amend was properly before the superior court, the superior court did not abuse its discretion in dismissing the case because the motion to amend failed to comply with the requirements of CR 15(a).[4] *See Morrison*, 26 Wn. App. at 575.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, J.

Veljacic, A.C.J.

---

[4] Moreover, VanDover does not assert that the motion to amend filed after the case was dismissed was properly before the court or that the superior court was obligated to consider it. *Cowiche Canyon Conservancy*, 118 Wn.2d at 809.